THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* WILLIAM OPALKA, Defendant.

County Court, Montgomery County, October 27, 1953.

*Raymond J. Zierak* for defendant.

*Clinton S. Cole, District Attorney (William J. Crangle, Jr.,* of counsel), for plaintiff.

KNIGHT, J.  The defendant is charged with the crime of reckless driving in violation of section 58 of the Vehicle and Traffic Law of the State of New York.  The indictment was found by the Grand Jury of Montgomery County against him on May 20, 1953.

The indictment alleges that " He, the defendant, on or about the 24th day of February, 1953, in the City of Amsterdam, County of Montgomery and State of New York, drove and used a motor vehicle in a manner which unreasonably interfered with the free and proper uses of a public highway and unreasonably endangered other users of the highway ".

The defendant has demurred to the indictment on the ground that it appears on the face of the indictment that the facts stated do not constitute a crime.

Section 58 of the Vehicle and Traffic Law reads as follows: " Reckless driving shall mean driving or using any motor vehicle, motor cycle or any other vehicle propelled by any power other than muscular power or any appliance or accessory thereof in a manner which unreasonably interferes with the free and proper use of the public highway,  *  *  *.  Reckless driving is prohibited.  Every person violating this provision shall be guilty of a misdemeanor."

The defendant contends that the indictment merely is a recitation of the statute and that the allegations therein are conclusions and are insufficient to inform the defendant of the charge against him and that, therefore, the demurrer to the indictment should be sustained.

In 1929 the Legislature added chapter III-A — Simplified indictments — to the Code of Criminal Procedure.  That section provides that the indictment must contain:  " (§ 295-b.) 1. The title of the action, specifying the name of the court to which the indictment is presented, and the names of the

parties; 2. A statement of the specific crime with which the defendant is charged."

The form of the simplified indictment was created by statute (Code Crim. Pro., § 295-d). I believe the indictment can be sustained under those sections.

The purpose of an indictment is to apprise the defendant of the nature and character of the offense with which he is charged so as to identify and distinguish it from any other act so that he cannot again be placed in jeopardy and so he will know the nature and character of the crime charged against him to the end that he may prepare his defense. Where the defendant believes the indictment does not contain reasonable information as to the nature and character of the crime charged, he may, upon arraignment, or at any later stage of the proceedings, request that the court direct the District Attorney to file a bill of particulars of the crime charged (Code Crim. Pro., § 295-g; *People* v. *Bogdanoff*, 254 N. Y. 16). The defendant has made no such application.

The defendant has cited many cases which were prosecuted upon an information. They do not apply. An information must stand by itself. It is either good or bad, according to its contents and it cannot be supplemented or pieced out by affidavits or by a bill of particulars in the Magistrate's Court. There is no statutory procedure which would permit that course to be followed. On the other hand, cases prosecuted by the simplified form of indictment may be clarified by a bill of particulars duly requested.

On this motion the defendant alleges that the indictment does not contain sufficient facts to apprise him of the charge against him. The remedy is to apply for a bill of particulars since it was not necessary to set forth in the indictment all of the elements of the crime. (*People* v. *Bloodgood* [*Heckheimer*], 251 App. Div. 593.)

The fact that the defendant voluntarily failed to assert a right provided by statute does not present a foundation for a claim that he was deprived of a constitutional right.

The demurrer is disallowed.