Archibald C. Wemple, J.
The relator, through his attorney, petitions for the writ of habeas corpus on the ground that the conviction was void and that, therefore, the imprisonment is illegal. This inquiry must be addressed particularly to the question of jurisdiction of the committing court. The Sheriff, in his return, and the District Attorney, in his argument, contend that the proceedings on the conviction and the commitment were legal and proper.
At the hearing, the District Attorney conceded that the relator-defendant was arrested and tried upon documents, copies of which were attached to the petition for the writ herein. The information was made by one Thomas Rakoske, police officer, and sworn to before the clerk of the Police Court. But this information was “ filed upon information and belief, the source of this information and belief being the attached deposition sworn to on the 28th day of April, 1958.” The deposition referred to is not a 1 ‘ deposition ’ ’ and there is nothing on the face of it to show that the information was sworn to or, for that matter, taken under oath. At best, it is an unsworn statement of fact starting out ‘ ‘ To Whom it may concern ’ ’ and ending with a declaration that it was true. It was subscribed before two witnesses, including the clerk of the court, one Charles E. Seber. The question squarely before the court is whether this information, based upon the information gleaned from the statement of Louis Pisano is sufficient to justify the arrest of this defendant and sustain his subsequent conviction thereon. If the information was defective jurisdictionally, then all proceedings thereon and thereafter are null and void.
Let us first examine the procedures as to filing of information. Section 148 of the Code of Criminal Procedure specifically provides that a magistrate must “ examine on oath the informant or prosecutor, and any witnesses he may produce, and take their depositions in writing, and cause them to be subscribed by the parties making them.” Section 149 of the code requires that the “ deposition ” tend to establish the commission of the crime and the guilt of the defendant. Section 150 of the code *970 provides that the summons or warrant be issued when the magistrate is ‘1 satisfied ’ ’ from such deposition that the crime charged has been committed. All through these sections runs the expression “ deposition ” which is simply a statement of facts taken under oath. Since there was no such deposition in the instant case, but merely a statement upon which the officer swore to the information 1 ‘ upon information and belief ’ ’ taken from the statement, the arrest, conviction and commitment of this relator must be set aside. The authorities amply support the position taken by this court.
It was held in the case of People ex rel Wilson v. Warden of City Prison (151 App- Div. 108, 110): “ There being no legal evidence in the case at bar of the commission of a crime by the relator, it follows that the order appealed from should be reversed, the writ of habeas corpus sustained and the relator discharged from custody.” In the case just cited there was a similar situation of a commitment based upon an information which, in turn, was based upon a verified paper annexed thereto.
More recently, in the case of the People v. Bertram, argued in the Court of Appeals in 1951 (302 N. Y. 526, 529) the court said: “ our Code of Criminal Procedure required something more than mere hearsay as the basis for issuance of the warrant of arrest herein.”
An information is one of the essential steps in the prosecution of a misdemeanor. Upon an information a warrant of arrest is issued and the defendant is later tried. If found guilty, as happened herein, he is deprived of his liberty. The information, therefore, being vital to the initiation of the proceedings, is also jurisdictional in the part it plays in the prosecution of any defendant.
It has been held in People v. Menzel (148 Misc. 916) that the provisions of sections 148 and 150 of the Code of Criminal Procedure, relating to filing of information, are jurisdictional in their application. Habeas corpus will lie to inquire into the question of jurisdiction of a court which has committed the defendant.
Since the information was insufficient to provide jurisdiction herein, it was likewise insufficient to support the conviction and commitment herein.
The writ of habeas corpus is allowed and the defendant is discharged from custody.
Submit order.