Maurice W. McCahh, J.
The defendant appellant was convicted in Police Court, Village of Penn Yan, by Honorable Frederick H. G-uyle, sitting as a Court of Special Sessions, *1069 on the 21st day of May, 1959 of violation of section 1173 of the Vehicle and Traffic Law, a traffic infraction.
Section 1173 of the Vehicle and Traffic Law reads as follows: ‘ ‘ The driver of a vehicle within a business or residence district emerging from an alley, driveway, or building shall stop such vehicle immediately prior to driving onto a sidewalk or onto the sidewalk area extending across any alleyway or driveway, and shall yield the right of way to any pedestrian as may be necessary to avoid collision, and upon entering the roadway shall yield the right of way to all vehicles approaching on said roadway.”
The general rules of criminal law apply as well to violations of traffic infraction. (People v. Hildebrandt, 308 N. Y. 397.)
The appellant contends that the verdict of guilty should be set aside on two main grounds:
First: Section 1173 of the Vehicle and Traffic Law is unconstitutional.
Second: That the evidence produced at the trial was insufficient to prove the defendant guilty beyond a reasonable doubt of violating section 1173 of the Vehicle and Traffic Law.
The complainant, Village Patrolman George E. Gaylor, in his information laid before the Police Justice charged this defendant as follows:
“ That one ora albert peacock on the 11th day of May 1959 on Lake Street in the Village of Penn Yan, N. Y. at about 9:15 o’clock in the afternoon of said day did commit the offense of emerging from driveway and failed [to] yield right of way in violation of Section 1173 of the Vehicle and Traffic Law of the State of New York, by wrongfully, unlawfully, willfully, and knowingly Defendant did operate and drive a 1957 Chevrolet, Two-door Hard-top, color sierra gold, bearing New York State Registration YC-4265 from the driveway of Hurlbut’s Esso Station onto Lake Street heading west.
“ To Wit: Defendant’s vehicle did not stop to yield the right of way upon entering the roadway thus endangering said users of the roadway. Defendant did swerve and skid tires of his vehicle on the dry pavement after turning off from driveway onto Lake Street in front of this deponent’s vehicle and by doing so did endanger said user of the roadway.”
The proof adduced at the trial shows that there was no sidewalk along that side of Lake Street in front of Hurlbut’s Esso Gas Station. The information did not allege nor did the proof show that any pedestrians were in the immediate vicinity of defendant’s car as it is alleged to have been driven onto the highway without first stopping. According to the information *1070 the defendant seems to be charged with violating that portion of section 1173 of the Vehicle and Traffic Law which reads: “ and upon entering the roadway shall yield the right of way to all vehicles approaching on said roadway. ’ ’
Complainant’s testimony is concerned mostly with the manner in which defendant operated his ear on the highway after entering it, rather than his failure to stop and yield the right of way to oncoming vehicles. This, however; will be considered under appellant’s second point, should necessity arise.
The point concerning the question of constitutionality is of first concern.
As has been pointed out earlier in this decision, the rules of criminal law apply in the instant case. The Court of Appeals in People v. Grogan (260 N. Y. 138, 145) said: “ Statutes which create crimes must be definite in specifying conduct which is condemned or prohibited. They must afford some comprehensible guide, rule or information as to what must be done and what must be avoided, to the end that the ordinary member of society may know how to comply with its requirements. ‘ Laws which create crime ought to be so explicit that all men subject to their penalties may know what acts it is their duty to avoid. ’ ’ ’ The Court of Appeals in the case of People v. Vetri (309 N. Y. 401, 406) said: “ ‘ The citizen is entitled to an unequivocal warning before conduct on his part, which is not malum in se, can be made the occasion of a deprivation of his liberty or property.’ ” The question, then, is whether this statute satisfies this requirement that a criminal statute must be sufficiently definite “ clear and positive ” to give the unequivocal warning to which this defendant was entitled.
It is difficult if not impossible to know what the Legislature intended when it used the phrase ‘ ‘ yield the right of way to ALL vehicles approaching on said roadway.” (Emphasis supplied.) Does this mean that the emerging driver must wait until the roadway is free of all vehicles within view whether such distance be measured in feet or miles? Must they be within the sight of the driver or may they be out of his or her sight? Does the emerging driver’s duty depend upon his speed and the speed of the approaching vehicle? Does the test of the driver’s duty depend upon ability to avoid a collision as set forth in that portion of the section concerning pedestrians ?
Can it be said that the statute in question provides a comprehensible guide, rule or information as to what must be done and what must be avoided so that the ordinary member of society may know how to comply with its requirements, and acts it is their duty to avoid?
*1071 It is my opinion that section 1173 of the Vehicle and Traffic Law does not set np such a guide, rule or standard for the operation of a motor vehicle when entering a roadway a deviation from which can properly be made the basis for a criminal prosecution.
In my opinion section 1173 of the Vehicle and Traffic Law under which this appellant stands convicted is too vague and indefinite to be enforced and is unconstitutional. Solely on this ground the judgment of conviction appealed from is reversed; the information dismissed and the fine, if paid, remitted.
The information having been dismissed there is no need to consider the appellant’s second point.
Submit order in accordance with this decision.