Louis G-. Bruhh, J.
This is an appeal by the defendant from a judgment of conviction rendered on May 18, 1960 by Johh 0. Beaver, Justice of the Peace of the Town of Esopus, for a violation of section 1143 of the Vehicle and Traffic Law of the State of New York.
Said section 1143 provides: ‘ ‘ The driver of a vehicle about to enter or cross a highway from a private road or driveway shall yield the right of way to all vehicles approaching on said highway. ’ ’
The defendant attacks the conviction on several grounds but primarily on the basis that the section in question is unconstitutional.
It is interesting to note that this section was derived from subdivision 11 of former section 81 of the Vehicle and Traffic Law which provided: “ The driver of a vehicle emerging from an alley, driveway, garage or stable shall stop such vehicle immediately before entering the intersecting roadway, and thereafter, shall enter the roadway with care,” (Emphasis supplied.)
*1024 The Court of Appeals in the case of People v. Grogan (260 N. Y. 138) set forth the yardstick to be adopted in determining when criminal statutes are unconstitutional.
The court (p. 145) stated: “ Statutes which create crimes must be definite in specifying conduct which is condemned or prohibited. They must afford some comprehensible guide, rule or information as to what must be done and what must be avoided, to the end that the ordinary member of society may know how to comply with its requirements. ’ ’
In People v. Firth (3 N Y 2d 472, 474) the Court of Appeals further amplified such rule when it stated: “ a criminal statute must be sufficiently definite, ‘ clear and positive ’ to give ‘ unequivocal warning ’ to citizens of the rule which is to be obeyed (see cases cited in People v. Vetri, 309 N. Y. 401, 405-406).”
Such rule has been consistently followed by the highest court. (See People v. Diaz, 4 N Y 2d 469, 470; People v. Caswell-Massey Co., 6 N Y 2d 497, 501; People v. Meola, 7 N Y 2d 391, 394.)
Viewed in the light of such rule, it is the considered opinion of this court that section 1143 is unconstitutional.
In arriving at such conclusion, this court concurs in the sound reasoning expressed in the case of People v. Peacock (19 Misc 2d 1068,1070).
That court stated: “It is difficult if not impossible to know what the Legislature intended when it used the phrase ‘ yield the right of way to ALL vehicles approaching on said roadway.’ (Emphasis supplied.) Does this mean that the emerging driver must wait until the roadway is free of all vehicles within view whether such distance be measured in feet or miles ? Must they be within the sight of the driver or may they be out of his or her sight? Does the emerging driver’s duty depend upon his speed and the speed of the approaching vehicle? ” (Emphasis supplied.)
Certainly such questions suggest a vagueness and indefiniteness strong enough to establish its unconstitutionality.
In passing, it is difficult to understand why the Legislature employed the language it did in section 1143, when in subdivision (a) of section 1142 it provided: “ shall yield the right of way to any vehicle which has entered the intersection from another highway or which is approaching so closely on said highway as to constitute an immediate hazard ”, and in subdivision (b) provided: ‘1 shall yield the right of way to * * * any vehicle in the intersection or approaching on another highway so closely as to constitute an immediate hazard.” (Emphasis supplied.)
*1025 Whether or not- such language is sufficient to meet the test is not before this court but at least the language employed indicates some guide or rule to be followed in situations similar to those envisioned under section 1143.
Therefore, for the reasons stated, the judgment of conviction appealed from is reversed and the information dismissed.