Liston F. Coon
(Lewis County Judge and Acting Judge for Tompkins County). Defendant has appealed from a conviction after trial by jury before Police Justice L. C. Kent of the Village of Cayuga Heights, Tompkins County, New York, of reckless driving pursuant to section 1190 of the Vehicle and Traffic Law arising out of actions by the defendant on December 25, 1960.
Defendant was arrested on December 26, following an automobile accident, by issuance of a traffic summons by Police Officer Fred Whiting. An information was made by the officer upon information and belief and sworn to on December 28 before the said Police Justice of the Village of Cayuga Heights where the accident took place. Attached to the information is a statement executed by one Hazel S. Lucas and sworn to before a notary public on December 28, 1960. It further appears that the said statement was sworn to before the Police Justice on January 19, 1961.
Defendant appeared by counsel on arraignment before the Police Justice on December 29, 1960, at which time defendant’s counsel moved to dismiss the information on grounds of insufficiency as a matter of law. The motion was denied. A plea of not guilty was entered on behalf of the defendant and a jury trial demanded which was held on January 26, 1961.
Defendant alleges in his papers on appeal numerous alleged errors committed in the trial and raises anew the question of the insufficiency of the information.
The question of the information will be taken up first. The officer’s information, made upon information and belief, alleges as follows, respecting the defendant: “ did operate a 1956 Buick New York Reg. TP 9090 north on the above said Hanshaw Road in the above said Village of Cayuga Heights, at a speed and manner which unreasonably interfered with the free and proper use of the public highway and unreasonably endangered users of the public highway by driving in the following manner, in that he did crash into the rear of a parked vehicle at 415 Hanshaw Road pushing it 39 feet up a bank into a pine tree, defendant did operate the above said vehicle on the above said road in manner in which he was unable to avoid a collision with the above said parked vehicle, with New York Reg. 7X2283 owned by Beulah Robb, 205 Wyckoíf Ave. Ithaca, 1960 Plymouth.”
*381 An information in a prosecution for reckless driving must set out the acts constituting the crime with the same clarity and exactness as an indictment (People v. Grogan, 260 N. Y. 138), and must be based upon the knowledge of the complainant or supported by depositions of witnesses who do have knowledge of the facts. (People v. Haverty, 21 Misc 2d 198.)
Aside from the question as to whether this information states the essentials necessary to constitute the crime of reckless driving, it fails to show or allege the sources of the complainant’s information and the grounds for his belief. Where an information is based on information and belief it must contain a statement as to the sources of such information to be legally sufficient. (People v. James, 4 N Y 2d 482.)
Furthermore, the information fails to request that a deposition of any witness be reduced to writing and duly subscribed. There is only the sworn statement of the said Hazel Lucas, apparently an eyewitness, but which is sworn to before a notary public.
Section 148 of the Code of Criminal Procedure states that the magistrate shall examine under oath the witnesses and that their testimony be reduced to writing. The issue was squarely raised in the case of People v. Gade (6 N. Y. S. 2d 1018) where an information charging reckless driving was supported by an affidavit sworn to before a commissioner of deeds. The motion to dismiss the information was properly granted.
The court recognizes that the affidavit of the witness, Lucas, was subsequently sworn to before the Police Justice, but this was after the arraignment and defendant’s original motion to dismiss. On December 29, 1960, at the initial arraignment of the defendant at which time counsel moved to dismiss the information for insufficiency, the court had before it only the officer’s information and the affidavit of the witness, Lucas, as originally sworn to. At that time the information should have been dismissed. The defect could not be cured later by a subsequent oath before the Police Justice.
An information in a prosecution for reckless driving must stand by itself and cannot be supplemented or pieced out by affidavit. (People v. Opalka, 204 Misc. 791.)
Nor can it be said that by going to trial the defendant waived defects in the information. Having made timely objection to the sufficiency of the information, defendant did not waive the defect therein. (People v. Strassner, 299 N. Y. 325.)
Since the conviction of the defendant must be reversed, other questions raised by the trial are rendered academic.
Judgment of conviction is ordered reversed and the information against the defendant, Barton Treman, dismissed.