Frederick W. Loomis, J.
This is an appeal from the defendant’s conviction in a Court of Special Sessions of the Town of Oneonta, Otsego County, New York, of a violation of section 1143 of the Vehicle and Traffic Law of the State of New York. That section reads as follows: ‘ ‘ The driver of a vehicle about to enter *517 or cross a highway from a private road or driveway shall yield the right of way to all vehicles approaching on said highway.”
It is alleged that the offense occurred in the Town of Oneonta on June 22, 1962. An information was sworn to by a police officer and filed with the Justice Court on June 24, 1962. The information charged the defendant with a violation of section 1143 of the Vehicle and Traffic Law. It further recited: “ This information is based on information and belief the result of which is an investigation conducted by the undersigned and an oral statement from the operator of a 1956 Ford bearing New York registration 2X4904, the vehicle that was involved in the auto accident with the defendant’s car.” The information further requests that the deposition of one Elsie Thieben be reduced to writing. However it does not appear that the deposition of said Elsie Thieben was reduced to writing or filed at that time. The matter was made returnable before the Justice on June 25, 1962 and the record indicates that the proceeding was adjourned to July 16,1962. On that date the defendant, through his attorney, moved for a dismissal of the information on the ground that it was insufficient inasmuch as there was no deposition filed, that the same was on information and belief and was based upon hearsay. The Justice reserved decision on the motion. Eventually the parties appeared before the Justice on September 11, 1962 when the motion for a dismissal was again renewed but at that time it appeared that the deposition of Elsie Thieben was finally sworn to and filed with the court on September 5, 1962. The Justice denied the motion to dismiss the information and the matter proceeded to trial which resulted in the defendant’s conviction and the imposition of a fine in the amount of $10.
The Court of Appeals has held that the rules of criminal law should apply to traffic infractions as well as to crimes. (People v. Hildebrandt, 308 N. Y. 397.)
The courts of this State have uniformly held that an information based upon information and belief but unsupported by the proper deposition or depositions is insufficient to give a court jurisdiction and that where the information is jurisdietionally defective because it is hearsay, it has no validity either as a basis for a warrant or as a pleading, and the court acquires no jurisdiction.
In People ex rel. Goldberg v. Calkins (11 Misc 2d 968), where an information was based upon information and belief but was supported only by a document purporting to be a deposition but which was not sworn to, it was held that the information was jurisdietionally defective and all proceedings thereon were null *518 and void. The court further held that since the information was insufficient to give the court jurisdiction, it was likewise insufficient to support a conviction. To the same effect see People v. Staples (5 Misc 2d 619).
In People v. Treman (28 Misc 2d 379) an information was made by a police officer upon information and belief and sworn to on December 28, 1960. Attached to the information was a statement by a witness sworn to before a notary public on December 28, 1960. The statement was again sworn to on January 19,1961 before the Justice. The court in that case held that an information must be based upon the knowledge of the complainant, or supported by depositions of witnesses who do have knowledge of the facts; that the defect could not be cured later by having the depositions subsequently sworn to before the Justice.
In People v. Haverty (21 Misc 2d 198) it appeared that the informant had no personal knowledge of the facts and there were no depositions attached to or filed with the information. The court held that this constituted a jurisdictional defect and that the subsequent presentation of the depositions upon the trial did not curé the jurisdictional defect. It was further held that since the information was jurisdictionally defective because it was hearsay, it had no validity either as a basis for a warrant or as a pleading and the court was without jurisdiction.
The Court of Appeals held that even though the statements of the witnesses upon which the information was based were subsequently submitted to the court, the jurisdictional defect was not cured and that this protection should be afforded a defendant whether the prosecution was instituted by a warrant, an illegal arrest consented to by the defendant, or even a voluntary appearance on the part of the defendant. (See People v. James, 4 N Y 2d 482.)
Since the information in this case was on information and belief, was based on hearsay, and was not supported by a deposition, the court acquired no jurisdiction. The subsequent filing, more than two months later, of a deposition did not cure the defect. The defendant’s motion on July 16, 1962 to dismiss the information should have been granted.
In People v. Moore (22 Misc 2d 572) it was held that without proper jurisdiction there could not be a valid judgment and that no person might be punished for a crime without a formal and sufficient accusation.
Since the information herein was jurisdictionally defective, the defendant’s conviction must be reversed, the information' dismissed and the fine remitted.
*519 It is of interest to note that section 1143 of the Vehicle and Traffic Law and similar provisions of section 1173 of the Vehicle and Traffic Law have been held to be unconstitutional. (See People v. Dybak, 24 Misc 2d 1023; People v. Peacock, 19 Misc 2d 1068.) However because of the jurisdictional defect heretofore reviewed in this decision, no determination is made on the question of the constitutionality of the section by this court at this time.