George F. X. McInerney, J.
Conviction is reversed, the fine is remitted and the information is dismissed.
This appeal comes to us on the sole question as to the validity of the information.
The court cannot consider the deposition as mere surplusage in view of the language of section 148 of the Code of Criminal Procedure which states that:
“-"When an information is laid before a magistrate, of the commission of a crime, he must examine on oath the informant or prosecutor, and any witnesses he may produce, and take their depositions in writing, and cause them to be subscribed by the parties making them.”
There is a conflict between the information and the deposition, the former apparently being made on knowledge, and the latter on information and belief, the informant having made both oaths. This conflict must be resolved in favor of the defendant and the information is defective. If the oath is upon information and belief, the sources of the information and the grounds of the belief must be set forth. (People v. James, 4 N Y 2d 482.) This the information and deposition fail to do. (See People ex rel. Goldberg v. Calkins, 11 Misc 2d 968; People v. Mezzatesta, 203 Misc. 253.)