Louis M. Greenblott, J.
This is an appeal from a judgment of conviction rendered by the Honorable William: W. Castle, Justice of the Peace of the Town of Vestal, Broome County, New York, following a trial on April 21, 1964, on a violation of section 1143 of the Vehicle and Traffic Law of the State of New York (failing to yield the right of way).
Following the defendant’s conviction, the court sentenced the defendant to pay a fine of $10. The defendant has appealed to this court on the grounds that section 1143 of the Vehicle and Traffic Law is unconstitutional and on the further ground that the evidence was insufficient to sustain the conviction.
Let us consider the contention of the appellant that section 1143 of the Vehicle and Traffic Law is unconstitutional. It reads as follows: ‘ ‘ The driver of a vehicle about to enter or *336 cross a highway from a private road or driveway shall yield the right of way to all vehicles approaching on said highway. ’ ’
The Court of Appeals in the case of People v. Grogan (260 N. Y. 138, 145) enunciated the standards to he adopted in determining when criminal statutes are unconstitutional. “ Statutes which create crimes must be definite in specifying conduct which is condemned or prohibited. They must afford some comprehensible guide, rule or information as to what must be done and what must be avoided, to the end that the ordinary member of society, may know how to comply with its requirements.”
In People v. Firth (3 N Y 2d 472, 474) the Court of Appeals further qualified the rule when it stated: “A criminal statute must be sufficiently definite, ‘ clear and positive ’ to give ' unequivocal warning ’ to citizens of the rule which is to be obeyed (see cases cited in People v. Vetri, 309 N. Y. 401, 405-406).”
The County Court of Ulster County has declared section 1143 unconstitutional. (People v. Dybak, 24 Misc 2d 1023.) In Dybak, the court pointed out the vagueness of the phrase “ yield the right of way to all vehicles approaching on said highway.” The court, indicating that this language might apply to vehicles which might have been approaching at a considerable distance, asked (p. 1024): “ Must they be within the sight of the driver or may they be out of his or her sight ? ’ ’
Section 1143 is one of those sections contained in article 26 of the Vehicle and Traffic Law entitled “ Right of Way ”. The proper application of section 1143 depends upon the definition of “ Right of Way ”. It is interesting to note that section 139 of the Vehicle and Traffic Law (right of way) as it was constituted at the time of the trial of this case was defined as follows: “ The privilege of the immediate use of the roadway.” The vagueness of this section was recognized by the Legislature of 1964 because it repealed section 139 and enacted a new section which reads as follows: “ The right of one vehicle or pedestrian to proceed in a lawful manner in preference to another vehicle or pedestrian approaching under such circumstances of direction, speed and proximity and as to give rise to danger of collision unless one grants precedence to the other.” (L. 1964. ch. 653, eff. Oct. 1, 1964.)
For the purposes of this litigation, this court, in construing section 1143, must do so in the light of the definition of ‘ ‘ right of way ” as it was constituted at the date of the trial (April 21, 1964). Also, this court must interpret statutory language in vehicle and traffic cases as specifically defined in the Vehicle and Traffic Law and cannot go outside of that law in attempting to amplify its meaning. (Vehicle and Traffic Law, § 100.)
*337 In view of the decision of the court in the Dybak case, strengthened by the recognition by the Legislature of the vagueness of the definition of “ right of way ” (§ 139), this conviction must be set aside. However, section 1143, when read in the light of the new definition of 1 ‘ right of way ’ ’, is now constitutional. Accordingly, cases arising after the effective date of the new section 139 (Oct. 1, 1964) would not be affected by this decision.
In view of this decision, it is unnecessary to consider the remainder of appellant’s contentions.
The judgment of conviction is reversed, the information dismissed and the fine remitted to the appellant.