Robert L. Flaok, J.
An information was filed with this court sworn to by Linda Lee Mathews, which charges the defendant with the crime of petit larceny under section 155.25 of the Penal Law of the State of New York. The attorney for the defendant has moved this court for an order directing that a bill of particulars in furtherance of such information be filed. No specific request for the particulars desired by said counsel was set forth.
*1097 Said counsel has also made a motion that the information he dismissed on the grounds that the informant did not have personal knowledge of all the material allegations set forth therein. The information in question was sworn to by the informant before another Judge, who issued a warrant thereon, and said informant has never been examined by this court. The information does not denote therein that the same is made upon information and belief by the informant. The information on its face sets forth necessary information as to the time and place of occurrence, description and value of the property taken and the name of the owner thereof, who is said to be the informant. The information states that the defendant “ did steal property belonging to another ’ ’. This seems sufficient although perhaps a better phrase would be ‘1 that the defendant with the intent to deprive the owner of her property did take the same without her consent.” The word “ steals ” is set forth in section 155.05 of the Penal Law and is apparently all inclusive and can be used in the information.
The procedures concerning bills of particulars in furtherance of short-form indictments are set forth in chapter Ill-a of title V of the Code of Criminal Procedure. Bills of particulars can also be obtained in furtherance of long-term indictments, “ Where justice demands a party be apprised of charges with greater particularity (People v. Stedeker, 175 N. Y. 57), or where there is doubt as to some particular of the offense charged, the proper remedy is a motion for the bill of particulars (People v. Schubert, 140 Misc. 689.) ” (Paperno and Goldstein, Criminal Procedure in New York, p. 293.) A motion for a bill of particulars in furtherance of a long-form indictment will be denied where the motion is brought for exploratory purposes only. (People v. Matera, 52 Misc 2d 674.) The decision to grant a motion for a bill of particulars is always discretionary with the court and will only be granted for the reasons stated above. (People v. Ricci, 59 Misc 2d 259.) This court knows of no case where a bill of particulars has been ordered in connection with a criminal proceeding prosecuted by information rather than indictment and none has been cited by counsel. The information when properly drawn should suffice to give the defendant notice of the charge against him and the particulars thereof as hereinafter stated. The information before this court appears to be properly drawn and to sufficiently inform the defendant of the charge against him and the particulars of such charge which he is entitled to know. Furthermore the motion for a bill of particulars appears to be exploratory in nature and related to *1098 an attempt to demonstrate that the informant did not have knowledge of all of the material allegations set forth in the information. Section 392 of the 'Code of Criminal Procedure has no application, as this section deals only with the ‘ ‘ Rules of evidence ”. The motion is accordingly denied.
As to the second motion the court treats it as a motion to vacate the warrant on the ground that the information is insufficient. As stated before, there is nothing in the information to show such lack of knowledge on the part of the informant, nor has counsel demonstrated the same by the use of affidavits or other means. The motion is accordingly denied. In denying this motion, however, it is perhaps wise to discuss the requirements which must be followed if an information filed in a criminal proceeding is to be considered valid. Ho statutory criteria have been established for the proper form of an information, except in motor vehicle cases. (Cf. Code Crim. Pro., §§ 147-c and 147-e.) However, by applicable case law it has been held that the information must be in writing if it charges the person with a crime. (People v. Scott, 3 N Y 2d 148.) It must be made under oath even though section 145 of the code does not expressly require an oath (People ex rel. Livingston v. Wyatt, 186 N. Y. 383), the court in this case having held that section 145 should be read together with sections 148 and 151 of the code. (Also, People v. Scott, supra.) If made upon information and belief, facts must be set forth therein to show that the complainant is acting in good faith and that he has reasonable grounds to believe that a crime has been committed by the person named therein. (People ex rel. Livingston v. Wyatt, supra) and it must state adequate sources for such belief or plausible facts therefor. See People v. James (4 N Y 2d 482, 485) wherein it is stated: “ The reasons for this rule are said to be that a reasonable guarantee of probable cause is required before interference with a person’s liberty, ensuing from the issuance of a warrant, is justified * * * and that such probable cause is not shown where the information is based solely on information and belief without a statement of the sources thereof and the grounds of belief ’ ’. This case gives extensive citations for this holding. (See, also, People v. Orzechowski, 4 Misc 2d 484.) The information cannot be based upon hearsay or suspicion People v. Mezzatesta (203 Misc. 253) unless the persons having such material knowledge are produced by the informant and their depositions taken. See People v. James (supra), but also see People v. Tennyson (19 N Y 2d 573), where the information of a police officer was held sufficient although his information and belief rested on con *1099 versations with the victim. * It would appear that there will be instances where an informant has reasonable grounds for his information and belief which will not rest upon hearsay, but on the other hand cannot be proved through depositions of others. In these cases it would seem that the information would still be sufficient as long as the grounds for such belief are properly set forth and it appears that the informant is acting in good faith and has reasonable grounds for his belief.
The information must generally meet the same standards as indictments in regard to description of the offense, time and place of occurrence and so on. (People v. Cooper, 35 Misc 2d 90; People v. Cianciulli, 59 Misc 2d 187.) The information must state more than mere conclusions. It must state facts. (People v. Turner, 32 Misc 2d 594; People v. Feinstein, 36 Misc 2d 261.)
The distinction between and information used for the purpose of obtaining a warrant and an information used simply as a pleading has largely been eliminated (see People v. Scott, supra; People v. James, supra), but this distinction is still of importance in prosecutions pursuant to a simplified traffic information. (See People v. Boback, 23 N Y 2d 189.)
We pass now to the question of the situation where an information sufficient on its face is not labeled as made upon information and belief but it develops on the trial that the informant did not have personal knowledge of all the material allegations even though the People are able to prove the case beyond a reasonable doubt by other evidence. In such instances the defendant is entitled to a dismissal (cf. People v. James, supra; People v. Gambella, 56 Misc 2d 928; People v. Bresee, 37 Misc 2d 516), and this is true even where attempts are made to file subsequent depositions or other affidavits in furtherance of the information prior to or at trial. (People v. Haverty, 21 Misc 2d 198; People v. Treman, 28 Misc 2d 379; People v. James, supra; People v. Bresee, supra.)
The defendant’s objection as to sufficiency of the information is noted and the defendant may renew his motion upon trial if the evidence shows such lack of knowledge on the part of the informant. (Cf. People v. Strassner, 299 N. Y. 325.)

 An affidavit used in furtherance of an application for a search warrant has been held sufficient wherein the affiant states that he has received certain material information from an informant he believes reliable and is coupled with a recitation of observations made by the affiant having a bearing on the subject matter. The name of the informant need not be disclosed in the affidavit (see People v. Rogers, 15 N Y 2d 422; People v. Misuraco, 16 N Y 2d 542) but the grounds for such reliability should be set forth therein.