Bruce Gr. Deau, J.
Appeal from a judgment of the Ithaca City Court (Clyhes, J.) convicting appellant of violation of section 1143 of the Vehicle and Traffic Law on May 5, 1970,
The conviction is reversed on the law and the facts. The People have failed to prove defendant guilty beyond a reasonable doubt as a matter of law and the complaint is dismissed. (People v. Nappi, 18 N Y 2d 136; Code Crim. Pro., §§ 543-a, 764.) Pine is remitted.
Defendant has appealed to this court asserting error of the trial court and that defendant was not proved guilty of the charge beyond a reasonable doubt.
Section 1143 is one of the sections under article 26 of the Vehicle and Traffic Law entitled, “ Right of Way ”, and relates in the instant case to a vehicle, entering a highway, yielding the right of way to all vehicles approaching on said highway. In People v. Dybak (24 Misc 2d 1023) this section was held to he unconstitutional as being vague and indefinite. In People v. Sherman (47 Misc 2d 335) Judge Greehblott, then Broome County Judge, stated that the Legislature had recognized the vagueness of section 1143 under the definition of right of way, as previously defined in section 139 of the Vehicle and Traffic Law, and that section 1143 is now constitutional under the new definition of right of way in section 139. (L. 1964, ch. 653, eff. Oct. 1, 1964.) The court in the Dybak case, in pointing out the vagueness under section 1143 (yielding to all vehicles approaching on the highway) said, ‘ ‘ ‘ Must they he within the sight of the driver or may they he out of his or her sight? ’ ” (24 Misc 2d 1024.)
*317 The appellant in the instant case refers to the ‘1 out of sight ’ ’ aspect in what may be referred to as an abnormal situation existing on Thurston Avenue in the immediate area of the alleged violation. The other automobile involved, the Banfield automobile, was moving in a general northerly direction and. coming from the left of defendant. Other automobiles were parked in the area to the left of defendant and along the curb line of Thurston Avenue, and near the driveway from which defendant was proceeding into Thurston Avenue.
The police officer who came to the scene and made the arrest, stated that snow banks extended to the curb line, and that the cars which were parked to the left of the driveway were covered with snow. Witnesses in the Banfield car testified that defendant’s automobile, when first seen by them, was out in the road in the Banfield lane. Defendant testified that she had stopped, looked right and left at curb line, could not see beyond the parked cars along the curb, proceeded slowly out into Thurston Avenue without accelerating, and for the first time saw the small Volkswagen automobile of Banfield a short distance away, applied her brakes, but a collision occurred.
The right of way provisions under article 26 of the Vehicle and Traffic Law have application to both civil and criminal proceedings. Traffic offenses are criminal or penal in nature if not in fact. (People v. Wiltse, 28 Misc 2d 410.) The defendant, in entering the intersection when visibility was obstructed, was certainly negligent. (Powers v. Medina, 1 A D 2d 727; Cohen v. Hansen, 17 Misc 2d 623; Appelbee v. State of New York, 308 N. Y. 502). However, it is the opinion here that the over-all conduct of defendant, from a complete examination of the record, was not of such nature as to be considered penal in nature. Bather it indicates a lack of proper judgment and not wilful, recldess or grossly negligent conduct. The Vehicle and Traffic Law is not intended to render all acts of careless driving traffic infractions. (People v. Davis, 24 N Y 2d 796.)
The evidence is insufficient, as a matter of law, to establish beyond a reasonable doubt that defendant was guilty of the violation of section 1143 of the Vehicle and Traffic Law.
Complaint dismissed — fine remitted.