OPINION OF THE COURT
John A. K. Bradley, J.
Defendant Gregory Redding was charged with petit larceny, allegedly committed on or about May 9,1979. A trial on that charge commenced July 15, 1980, on which date the People presented and rested their case without submitting a supporting deposition. After two adjournments, defendant moved on July 24, 1980 to dismiss the case on the ground that no supporting deposition had been filed to convert the misdemeanor complaint into an information. At that time the District Attorney produced a supporting deposition dated July 23, 1980 and attempted to file it.
This court reserved decision on defendant’s motion to dismiss until the end of the trial, then rendered a guilty verdict against defendant, and dismissed the complaint as jurisdictionally defective, not having been converted before trial. I then ordered a new trial of the case, which is presently pending in Part JP-1 of this court.
*488 Defendant has now moved to dismiss the pending action on the following grounds: (1) that this court erred in treating defendant’s motion to dismiss as a motion to set aside the verdict; (2) that the complaint, once having been dismissed as jurisdictionally defective, cannot constitute a sufficient instrument upon which defendant can be prosecuted; and (3) that for defendant to be reprosecuted for the same offense in this pending action would constitute double jeopardy. Based upon the analysis which follows, this court denies defendant’s motion to dismiss.
CPL 40.20 (subd 1) states that “[a] person may not be twice prosecuted for the same offense.” An offense is defined by CPL 40.10 (subd 1) which states as follows: “An ‘offense’ is committed whenever any conduct is performed which violates a statutory provision defining an offense.” CPL 40.30 defines previous prosecution:
“Except as otherwise provided in this section, a person ‘is prosecuted’ for an offense, within the meaning of section 40.20, when he is charged therewith by an accusatory instrument filed in a court of this state or of any jurisdiction within the United States, and when the action either:
“(a) Terminates in a conviction upon a plea of guilty; or
“(b) Proceeds to the trial stage and *** a witness is sworn.”
In a Bench trial, as was the initial Redding trial, jeopardy attaches when the court begins to hear evidence. (Lee v United States, 432 US 23.)
Thus, it would seem that jeopardy had attached in the first Redding prosecution, and that a subsequent prosecution would be barred. CPL 40.30 (subd 4), however, creates an exception to the general rule: “Despite the occurrence of proceedings specified in subdivision one, if such proceedings are subsequently nullified by a court order which dismisses the accusatory instrument but authorizes the people to obtain a new accusatory instrument charging the same offense or an offense based upon the same conduct, the nullified proceedings do not bar further prosecution of such offense under any new accusatory instrument obtained pursuant to such court order or authorization.” (Emphasis added.)
*489 The above provision merely codifies a position long espoused by the Federal courts, that is, that where an accusatory instrument is “so radically defective that it would not support a judgment of conviction,” the court before which the defendant is prosecuted upon the instrument has obtained no jurisdiction thereby. (Shoener v Pennsylvania, 207 US 188, 195.) Thus, a second prosecution upon a corrected instrument is not barred as double jeopardy. (Supra, pp 195-196.)
Various cases have examined types of accusatory instruments and a myriad of defects in those instruments to determine which defects are jurisdictional. The Court of Appeals has repeatedly held that a “valid and sufficient accusatory instrument is a nonwaivable jurisdictional prerequisite to a criminal prosecution”. (People v Case, 42 NY2d 98, 99; see, also, People v Hall, 48 NY2d 927, mot for rearg den 49 NY2d 839; and People v Harper, 37 NY2d 96, 99.) One issue presented in this proceeding is whether the absence of a supporting deposition renders the accusatory instrument jurisdictionally defective.[1] It is the opinion of this court that that question must be answered in the affirmative.
Failure to allege each element of an offense charged in an accusatory instrument has been traditionally deemed a jurisdictional defect. (People v Hall, supra, at p 928; but cf. People v Cohen, 52 NY2d 584, holding that by making specific reference to the name and section of the statute allegedly violated, an indictment has in effect alleged every necessary element of the offense.)
It is clear that not every defect in an accusatory instrument is jurisdictional. (People v Iannone, 45 NY2d 589, 600.) Some defects which have been held nonjurisdictional include: failure to verify an information properly (People v Ehlers, 99 Misc 2d 764) and failure to place a check mark *490 in the box on the District Attorney’s office form for “misdemeanor complaint” or for “misdemeanor information”. (People v Gittens, 103 Misc 2d 309.)
CPL 100.10 (subd 1) provides that an information “is a verified written accusation by a person, filed with a local criminal court, charging one or more other persons with the commission of one or more offenses, none of which is a felony. It may serve as a basis both for the commencement of a criminal action and for the prosecution thereof in a local criminal court.”
CPL 100.20 defines supporting deposition as “a written instrument accompanying or filed in connection with an information, a simplified information, a misdemeanor complaint or a felony complaint, subscribed and verified by a person other than the complainant of such accusatory instrument, and containing factual allegations of an evidentiary character, based either upon personal knowledge or upon information and belief, which supplement those of the accusatory instrument and support or tend to support the charge or charges contained therein.”
CPL 100.40 (subd 1) states that
“[a]n information, or a count thereof, is sufficient on its face when:
“(a) It substantially conforms to the requirements prescribed in section 100.15; and
“(b) The allegations of the factual part of the information, together with those of any supporting depositions which may accompany it, provide reasonable cause to believe that the defendant committed the offense charged in the accusatory part of the information; and
“(c) Non-hearsay allegations of the factual part of the information and/or of any supporting depositions establish, if true, every element of the offense charged and the defendant’s commission thereof.”
CPL 100.50 (subd 3) states that a “misdemeanor complaint must or may be replaced and superseded by an information pursuant to the provisions of section 170.65.” Subdivision 1 of the latter section provides that a “defendant against whom a misdemeanor complaint is pending is *491 not required to enter a plea thereto.” (CPL 170.65, subd 1.) The subdivision goes on to provide that, except in the event a defendant waives his right to be prosecuted by an information instead of by a misdemeanor complaint (see supra, at n 1), “[flor purposes of prosecution, such instrument must *** be replaced by an information, and the defendant must be arraigned thereon. If the misdemeanor complaint is supplemented by a supporting deposition and such instruments taken together satisfy the requirements for a valid information, such misdemeanor complaint is deemed to have been converted to and to constitute a replacing information.” Several courts have considered the validity of informations which lack supporting depositions. The Bronx County Criminal Court held that an information without a deposition was not defective where the complainant’s sworn testimony at a preliminary hearing was tantamount to a supporting deposition. (People v Rodriquez, 94 Misc 2d 645.) The Columbia County Court, in People v Carney (37 Misc 2d 531), held that an information which sufficiently stated the underlying facts of defendant’s conduct for which he was charged, though unsupported by deposition, was not jurisdictionally defective.
The majority of courts have held, though, that an information without a supporting deposition confers no jurisdiction upon a court. (See, e.g., People v Bock, 77 Misc 2d 350; People v Bresee, 37 Misc 2d 516; People v Groos, 53 Misc 2d 185.) This court agrees with that assessment. The supporting deposition is not “mere surplusage.” (People v Conserva, 42 Misc 2d 782, 783.) It is an indispensable part of the accusatory instrument, changing it from a misdemeanor complaint — upon which a defendant may not ordinarily be prosecuted — into an information, upon which a defendant may be prosecuted. Thus, this court holds, as it did in dismissing the initial complaint against Mr. Redding, that an information lacking a supporting affidavit or desposition is jurisdictionally defective.
Having so held, this court must now consider whether, the original prosecution having been dismissed as based upon a jurisdictionally defective instrument, a second prosecution — for the same offense and based upon the original instrument as amended — is barred by the guarantee *492 against double jeopardy. GPL 40.30 (subd 3), discussed supra, indicates that reprosecution does not constitute double jeopardy. The Court of Appeals, in People v Key (45 NY2d 111), examined several recent United States Supreme Court decisions on double jeopardy to determine their possible ramifications upon the New York rule allowing reprosecution.[2]
The Court of Appeals found no double jeopardy in reprosecuting a defendant where the first information was dismissed as defective (for failure to state facts constituting reasonable cause). In so holding, the court made reference to the Supreme Court decision in Lee v United States (432 US 23, supra), in which a Federal District Court had indicated its opinion as to the defendant’s guilt, then had dismissed the indictment as defective. The Supreme Court held that the first prosecution would not bar a reprosecution because the first prosecution could not be deemed to have terminated in an acquittal; the termination due to a defective instrument is not a termination in defendant’s favor. Rather it more closely parallels a mistrial for prosecutorial error, which does not bar retrial. (Supra, at p 31.) The Supreme Court also noted that the first prosecution had terminated at defendant’s request and with his consent. Thus, a defendant could not utilize the termination of the first prosecution, which he induced, as a bar to the second prosecution.
Similarly, in the instant case, the initial prosecution against Mr. Redding was dismissed upon a defense motion. *493 The termination was not on the merits. It was not an acquittal; indeed, it was immediately preceded by this court’s conviction of defendant on the merits of the charge. The dismissal instead was based upon a substantial, quasi-procedural defect, rendering the prosecution a “nullity.” (People v Smith, 266 App Div 57.) Inasmuch, therefore, as this court obtained no jurisdiction to try defendant in the prior action, the currently pending prosecution is the first time defendant is being placed in jeopardy. (See, accord, People ex rel. Weiner v Warden of City Prison, Kings County, 237 App Div 28, app dsmd 261 NY 620; People v Bock, 77 Misc 2d 350; People v Bates, 124 NYS2d 315.)
Defendant’s second point, that this court erred in delaying its decision on defendant’s motion until after it had pronounced verdict (thereby converting the motion, defendant asserts, into a motion to set aside the verdict) is equally without merit. CPL 170.30 (subd 1) governs motions to dismiss informations as, inter alia, defective. Subdivision 2 of that section requires that the motion “be made within the period provided by section 255.20” which requires that “all pre-trial motions *** be made within forty-five days after arraignment and before commencement of trial, or within such additional time as the court may fix upon application of the defendant made prior to entry of judgment.” Subdivision 3 of CPL 255.20 adds, however, that (with certain exceptions not relevant here): “[a] pre-trial motion made after the forty-five day period may be summarily denied, but the court, in the interest of justice, and for good cause shown, may, in its discretion, at any time before sentence, entertain and dispose of the motion on the merits.” (Emphasis added.)
Thus, it was properly within this court’s discretion to grant Mr. Redding’s motion, made after the People’s case, after the court pronounced verdict. Indeed, the Court of Appeals, in People v Key (45 NY2d 111, 120, supra), held that timing to be not only permissible but desirable: “One final comment is merited. If trial courts in cases like this one were, whenever practicable, only to reserve decision until after trial has been completed and determinations of fact made, much difficulty would be avoided. Of course, if the motion had been made and decided, as it should have *494 been, before trial, no problem would have arisen. But, once trial has started, decision on a belated motion might well be delayed until after jury verdict or decision on the facts. If defendant were to be acquitted, that would be the end of the matter; if convicted, appeal of the ruling, and, if appropriate, retrial or reinstatement of the verdict or decision would be permissible on any view of double jeopardy doctrine. It is the premature dismissal that has caused the trouble in this case, and that should be avoidable in most other cases (People v Brown, 40 NY2d 381, 394, supra).”
Finally, defendant asserts that “once the complaint has been dismissed as jurisdictionally defective the action is over and a new trial cannot be held on said defective complaint.” In view of the foregoing, this argument is spurious. (CPL 40.30, subd 4.) To hold to the contrary would render the doctrine established by the above line of cases meaningless. As this court stated in its decision granting Mr. Redding’s initial motion to dismiss, that prosecution was dismissed because the information was defective as of the trial’s commencement. (CPL 170.65, subd 1; see People v Callender, 101 Misc 2d 958, 962.) However, since the People have supplied the needed deposition on July 24, 1980 — during the first trial — the information was complete prior to commencement of the new trial ordered by this court.
Defendant’s motion to dismiss the information is denied.

. The waivability of the defect, as opposed to whether it is of a jurisdictional nature, is not at issue here. The right to be prosecuted by information (rather than by misdemeanor complaint) is “a substantial right” which may only be waived “knowingly and intelligently.” (People v Weinberg, 34 NY2d 429, 431.) Although the decision in Weinberg seems also to be dispositive on the issue of waivability as it is generally framed in this type of inquiry — that is, whether a defendant may be deemed to have forfeited or unintentionally waived his objection to the defect by neglecting to make timely objection thereto — that issue need not be addressed by this court inasmuch as defendant did raise his objection to the defective instrument in a timely manner at trial.

. The New York rule, with “implicit *** approv[al]” of the United States Supreme Court, was recently stated in People v Kurtz (51 NY2d 380, 386-387), with relation to midtrial dismissals, as follows: “ ‘[Rleprosecution is permitted whenever a dismissal has been granted on motion by defendant, so long as the dismissal does not constitute an adjudication on the facts going to guilt or innocence [even where] dismissal occurs after jeopardy has attached.’ ” (Quoting People v Key, supra, at p 117; and citing Burks v United States, 437 US 1; Greene v Massey, 437 US 19; Sanabria v United States, 437 US 54; United States v Scott, 437 US 82.) As presently constituted under this recent line of cases, the doctrine distinguishes between trial orders terminating the trial in the defendant’s favor prior to any determination of guilt or innocence and those orders which terminate the trial based on evidentiary insufficiency. (Burks v United States, supra, at pp 14-18; United States v Scott, supra, at pp 94-99.) Because a dismissal based on insufficient evidence is tantamount to an acquittal, reprosecution is precluded in the latter category of cases. (See, e.g., People v Mayo, 48 NY2d 245.) Retrial of cases falling within the former category of dismissals, however, is permissible because “the defendant, by deliberately choosing to seek termination of the proceedings against him on a basis unrelated to factual guilt or innocence of the offense of which he is accused, suffers no injury cognizable under the Double Jeopardy Clause”. (United States v Scott, supra, at pp 98-99; cf. People v Bartley, 47 NY2d 965.)