opinion of the court
John F. Holden, Jr., J.
The defendant was charged with the traffic infraction of unsafe backing (Vehicle and Traffic Law, § 1211, subd [a]). She has appeared by attorney who demanded a supporting deposition to amplify the uniform traffic ticket which was issued. It is uncontroverted that the defendant was personally served with a copy of the supporting deposition by the police officer involved at approximately 8:45 p.m. on the day before the trial. It is also uncontroverted that the defendant’s attorney never saw a copy of the supporting deposition until minutes prior to the trial on March 13, 1984, at which time the defendant furnished her the copy that had been served by the officer.
Defendant’s counsel moved for an order dismissing the information with prejudice on the grounds that the People had failed to serve her client with the deposition at least one day prior to the trial. (Citing People v Zagorsky, 73 Misc 2d 420.) Defendant’s attorney further contends that it would be improper for the court to grant the People an adjournment in order to make such service timely, citing People v De Feo (77 Misc 2d 523 [App Term, 2d Dept]).
*554 The court agrees with counsel’s second contention. There remains for consideration, however, whether the dismissal is with or without prejudice and if it is not with prejudice, whether the People can reprosecute using the same information as amplified by the supporting deposition.
The court has examined the supporting deposition and holds as a matter of law that it, taken together with the original uniform traffic ticket, constitutes a valid information to support the charge of unsafe backing (Vehicle and Traffic Law, § 1211, subd [a]).
It should be observed that the same Broome County Judge who wrote the opinion in People v Zagorsky (supra), writing in the case of People v Bock (77 Misv 2d 350, 352), stated: “Zagorsky does not stand for the proposition that merely because a simplified information is dismissed for failure to supply a supporting deposition, a new information alleging the same offense may not be filed and a trial had thereon.”
In other words there is no double jeopardy when a defendant is reprosecuted for the same offense after a dismissal in her favor based on a defective information because the court never acquired jurisdiction initially and the prosecution terminated with the defendant’s request and with her consent (People v Key, 45 NY2d 111). There being no double jeopardy problem the defendant can clearly be reprosecuted.
A distinction must be made between these cases where the uniform traffic ticket or similar complaint is still defective after having been amplified by a supporting deposition which would require the filing of a new proper information in order to prosecute and those cases where the uniform traffic ticket or similar complaint is valid after its amplification by a supporting deposition as in the case at bar.
Once there is a jurisdictionally sufficient accusatory instrument which has been served on the defendant at least one day prior to trial, the court has jurisdiction and the defendant may be tried. (See People v Redding, 109 Misc 2d 487, 494.)
*555 The defendant’s motion to dismiss the information is granted without prejudice to the People to reprosecute her on the same charge using the same uniform traffic ticket and supporting deposition.
The court will notify the defendant and her counsel of the new trial date.