OPINION OF THE COURT
James B. Reap, J.
procedure: This is a motion returnable on November 25, 1986, to dismiss a simplified traffic information as amplified by a supporting deposition. The defendant admits timely service of the deposition but alleges that it is defective.
action: The motion is denied and the case is restored to the *1091 calendar for a trial promptly at 11:15 a.m. on Friday, December 12,1986.
reason: At the outset, because we are a City Court of record, the UJCA has no applicability whatsoever to our proceedings and so defendant’s reference to the UJCA is inapposite.
We have carefully reviewed the decision in People v Cohen (131 Misc 2d 898 [Yonkers City Ct 1986]), which deals in the first instance with that court’s reasoning for denying discovery, inspection, and a demand for a bill of particulars in a case involving only a simple traffic infraction as distinguished from a crime.
Where, as here, the supporting deposition twice alleges that the officer estimated defendant’s speed first at 40 miles per hour in a posted 30 mile per hour zone and then again at 50 to 55 miles per hour in said zone, and the uniform traffic ticket alleges a violation of Vehicle and Traffic Law § 1180 (d) in that the defendant was traveling at a stated date, time, and place at the rate of 50 miles per hour in a 30 zone, that is entirely sufficient as a matter of law.
Moreover, the deposition is also clear in that it makes no mention of radar or mechanical devices. That obviously makes the case one based on visual observation and the ability of the police officer to estimate speed. The opinion evidence of police officers uncorroborated by mechanical devices is sufficient to sustain a speeding conviction. (See, People v Olsen, 22 NY2d 230 [1968].) For a recitation of facts showing the New York State Court of Appeals approval of very paltry evidence adduced to qualify a police officer, read People v Dusing (5 NY2d 126 [1959]; see also, People v Higley, 55 Misc 2d 460, 461 [1967]).
"Q. How long have you been a motorcycle policeman?
"A. About two years.
"Q. You have made arrests for speeding?
“A. Many times.
"Q. As a result of your experience as a policeman, also your experience in driving, are you able to estimate the speed of moving vehicles?
"A. Yes.”
To the extent that Cohen (supra) may be construed as authority for the contrary view, we decline to follow it because it is oxymoronic in that on the one hand it denies a *1092 demand for a bill of particulars and on the other hand it grants a motion to dismiss for failure to state whether the officer’s estimate of the defendant’s speed was based on personal observation or on mechanical means. The two positions are entirely inconsistent in fact and logic, since a dismissal for the reasons stated is tantamount to granting a motion to dismiss for failure to state the same facts in a bill of particulars, which motion was denied.
The means which an officer uses to visually estimate a defendant’s speed is a matter to be proven at trial, and the documents provided in this case are sufficient to enable the defendant to prepare a defense. Taken together they provide a concise and plain statement of the offense, and so we hold that CPL 100.25, 100.35 and 100.40 (2) have all been complied with, since nowhere does the law require that an officer must state in a supporting deposition exactly how he intends to prove a violation of the Vehicle and Traffic Law. (See, People v Smalley, 64 Misc 2d 363 [1970].)
Moreover, an additional specific reason for the result we reach is this: It is to be very carefully noted (once and forever we hope) that any dismissal of a traffic infraction for utter failure to provide a supporting deposition in a timely fashion (let alone supplying an allegedly defective deposition) is never a dismissal on the merits, and the People are always free to recommence prosecution by filing another information (reserve the ticket and a new deposition) provided always that the governing Statute of Limitations is not exceeded pursuant to CPL 30.10 (4) (b). (Compare, People v Hartmann, 123 Misc 2d 553 [1984]; especially People v Bock, 77 Misc 2d 350, 352 [1974]; see also, People v Key, 45 NY2d 111 [1978]; People v Redding, 109 Misc 2d 487, 494 [1981]; compare by analogy, People v Osgood, 52 NY2d 37 [1980]; review, CPL 100.40 [2]; also see, Loughman, 12 [No. 3] Westchester BJ 249; finally, review also, Preiser, Practice Commentaries, McKinney’s Cons Laws of NY, Book 11 A, CPL 100.25, p 9 [1987 Pocket Part], which destroys the argument that a dismissal for failure to supply a supporting deposition is on the merits.)
In summary, the law deals with substance and not with procedural exercises in futility.