The People of the State of New York, Plaintiff, v Gene Spiegelman, Defendant.

Village Court of Kensington, Nassau County, January 24, 1989

**APPEARANCES OF COUNSEL**

*Librett, Friedland & Lieberman* for defendant. *John Gionis, Village Attorney,* for plaintiff.

**OPINION OF THE COURT**

Stephen R. Taub, J.

Defendant moves, pursuant to CPL 170.35 (1) (a), for dismissal of a simplified traffic information on the grounds that said information is insufficient as a matter of law for failure to provide a supporting deposition pursuant to timely demand. The affirmation in support of the motion refers the court to no relevant cases, relying entirely on the language of CPL 100.25 (2).

The Village Prosecutor has cross-moved to amend the simplified traffic information (presumably by serving the supporting deposition) or alternatively for leave to re-serve the defendant with a new simplified traffic information (presumably with a supporting deposition). The application of the People, like that of the defendant, is based upon CPL 170.35 (1) (a).

The statute relied on by both the prosecutor and the defendant reads as follows:

"1. An information, a simplified information, a prosecutor's information or a misdemeanor complaint, or a count thereof, is defective within the meaning of paragraph (a) of subdivision one of section 170.30 when:

"(a) It is not sufficient on its face pursuant to the requirements of section 100.40; provided that such an instrument or count may not be dismissed as defective, but must instead be amended, where the defect or irregularity is of a kind that may be cured by amendment and where the people move to so amend" (CPL 170.35 [1] [a]).

Both the defendant and the prosecutor interpret the same language as authority for the relief he seeks.

The facts, for purposes of this motion and cross motion, are not in dispute. On September 14, 1988 at approximately 5:30 P.M., the defendant received uniform traffic ticket No. TK700008-1, alleging a violation of Vehicle and Traffic Law § 1180 (d), for speeding at the rate of 41 miles per hour in a 25-miles-per-hour zone within the Village of Kensington. On September 27, 1988, the defendant's attorney sent a letter to this court purportedly serving four purposes: (1) as a notice of appearance; (2) to enter a plea of not guilty; (3) requesting a court date; and (4) demanding a supporting deposition. No supporting deposition has been served.

The defendant claims that a failure to comply with CPL 100.25 (2) renders a simplified traffic information defective as a matter of law. Although not cited, the court takes judicial notice of CPL 100.40 (2) which indeed states that a failure to provide a supporting deposition "renders the simplified information insufficient on its face". For the foregoing reasons, the defendant wants the summons dismissed.

The Village Prosecutor initially seeks denial of the motion upon the authority of *People v Schlosser* (129 Misc 2d 690 [Dist Ct, Nassau County 1985]). In that decision, Honorable Jules E. Orenstein, now a Judge of the Nassau County Court, denied a similar motion on the grounds that the defendant failed to serve a copy of the demand for a supporting deposition upon the District Attorney of Nassau County. Judge Orenstein felt that a demand for a supporting deposition, like any other document served in the course of litigation, must be served upon one's adversary prior to filing with the court.

The court accepts the prosecutor's representation that no

such demand was served. However, this court will not deny the motion on these grounds. Judge Orenstein recognized that in the Central Traffic Part of the Nassau County District Court, tens of thousands of traffic tickets and prosecutions are processed each year and prosecuted by the Nassau County District Attorney, presenting many administrative and ministerial problems. He also recognized that "In many small Justice, Magistrate, or other local minor traffic courts, the local law enforcement officer in most instances prosecutes traffic violations, and the local District Attorney does not prosecute same" (supra, 129 Misc 2d, at 691). In the Village of Kensington, the office of Village Prosecuting Attorney is a part-time position. To send a copy of the demand to the Village Prosecutor would require nothing more than sending a second copy of the same letter to the same address as the original letter filed with the clerk of the court. While motions, affidavits and similar documents must be separately served on the Village Prosecutor, this court will not require a procedural frivolity of sending two copies of the same letter to the same address. Therefore, in full agreement with the logic of Judge Orenstein, this court will not deny defendant's motion for failure to serve the Village Prosecutor.

This court has found only two appellate cases on point. In *People v De Feo* (77 Misc 2d 523 [App Term, 2d Dept 1974]), a motion to dismiss a summons for speeding was based upon the prosecutor's failure to comply with defendant's demand for a supporting deposition. The District Court of Nassau County had denied the motion, granting the prosecutor's request for an adjournment of the trial solely for the purpose of providing same. The Appellate Term reversed and dismissed, holding that an adjournment for the purpose of serving a supporting deposition was improper. Clearly, failure to provide a supporting deposition in a timely manner renders the simplified traffic information defective as a matter of law and subject to dismissal. Significantly, however, the court did not decide whether the People were thereby precluded from reprosecuting the defendant.

In 1980, the Appellate Term for the Ninth and Tenth Judicial Districts, in *People v Baron* (107 Misc 2d 59), unanimously reversed a conviction and dismissed the simplified traffic information. A supporting deposition, supplied by the officer, was inconsistent with the ticket with respect to the date and time of the alleged offense. The court stated (supra, at 60): "Of course, the court on a motion to dismiss a simpli-

fied [traffic] information on the ground that it is not sufficient on its face pursuant to CPL 100.40, must amend same rather than dismiss said simplified information, if the defect or irregularity is of the kind that may be cured by amendment and the People move to so amend (see CPL 170.30, subd 1, par [a]; 170.35, subd 1, par [a])."

The District Attorney, however, rather than amend the supporting deposition, sought leave to supersede the simplified traffic information with a long-form information and supporting deposition, which the court below permitted. The Appellate Term held that a long-form information could not be substituted for a simplified traffic information and dismissed for insufficiency pursuant to CPL 100.25 (2); 100.40 (2); and 100.10 (2). This court interprets the foregoing decision of the Appellate Term not only to stand for the proposition that a simplified traffic information and long-form information are separate and unrelated entities, but also for the proposition that a simplified traffic information could, indeed, be amended by the act of amending an otherwise insufficient supporting deposition.

The City Court of Long Beach, in *People v Origlia* (138 Misc 2d 286), held that a failure to provide a supporting deposition rendered the simplified traffic information insufficient on its face. The prosecutor sought leave to file a superseding information. The court concluded that a simplified traffic information could not be corrected or amended by the filing of a superseding information and dismissed the prosecution.

The City Court of White Plains, in two separate decisions, has ruled upon the same motion and cross motion. In *People v Hartmann* (123 Misc 2d 553), the court considered *De Feo (supra)* and agreed that failure to serve a supporting deposition rendered the simplified traffic information defective as a matter of law and refused to grant an adjournment to the People to serve the deposition. That court, however, recognized that an additional issue remained for consideration; whether the dismissal was with or without prejudice. That court concluded that such a dismissal is not on the merits and presented no double jeopardy problems. The motion to dismiss was granted, but without prejudice to the People to reprosecute the defendant *on the same charge using the same uniform traffic ticket and supporting deposition.*

A few years later the same court decided a similar motion in *People v Jeck-Tisch* (133 Misc 2d 1090). The court suggested

that *any* dismissal of a traffic infraction for failure to provide a supporting deposition in a timely fashion could not be a dismissal on the merits, and the People, if they so chose, could recommence the prosecution by filing another information. This could be accomplished, the court stated, *by re-serving the ticket and supporting deposition,* provided that the governing Statute of Limitations set forth in CPL 30.10 (4) (b) had not been violated.

In a decision appearing in the New York Law Journal, the Justice Court of the Village of South Nyack, in the matter of *People v Abajian* (142 Misc 2d 250), set forth a rather lengthy analysis of the issues which this court must now decide. Justice Markewich, interpreting CPL 200.70 (2) (b) as a limitation upon amendments to simplified traffic informations, concluded that a supporting deposition containing incorrect information could be amended, but a failure to provide said information required dismissal. This court finds that distinction disturbing, and fails to perceive any meaningful difference.

The opinion of this court finds support in the Supplementary Practice Commentaries to CPL 100.25 (2). In commenting upon the 1985 amendments to that section, Peter Preiser, on page 11 of the 1989 Cumulative Annual Pocket Part to Book 11A of McKinney's Consolidated Laws of NY states: "Moreover, it is doubtful that the information must be dismissed for late filing of the deposition, since late filing means only that it is deficient under CPL § 100.40. Dismissal for deficiency under that section is prohibited by CPL § 170.35 [1] where the defect is of a kind that may be cured by amendment and the prosecutor moves to amend. This may well apply in the present situation, if the serving and filing of a supporting deposition is construed to be 'amendment' of the information."

The instant matter has not yet been placed upon the Trial Calendar. This court is unable to conceive of any prejudice to the defendant were a supporting deposition to be served at this time. If, in fact, prejudice has occurred, the court will entertain an oral application prior to trial demonstrating such prejudice. This court, therefore, joins with those courts which have held that the failure to timely provide a supporting deposition pursuant to proper demand renders a simplified traffic information insufficient as a matter of law. However, this court finds no reason to distinguish between service of a defective supporting deposition and service of no supporting deposition at all. Therefore, subject to the time limitations set forth in CPL 30.10 (2) (d), this court finds that the defect is of

a kind that may be cured by amendment. As required by CPL 170.35 (1) (a), the prosecutor has so moved to amend.

The law deals with substance and not with procedural exercises in futility. For that reason, this court elects not to follow the procedure set forth in *People v Hartmann* (125 Misc 2d 553, *supra),* which purported to dismiss the simplified traffic information, while actually permitting the People to proceed under the pretense that the People could reprosecute the defendant on the same charge using the same ticket and supporting deposition. This court also elects not to follow the procedure set forth in *People v Jeck-Tisch* (133 Misc 2d 1090, *supra),* which granted the motion, but permitted the same ticket and supporting deposition to be re-served. And this court disagrees with *People v Abajian* (142 Misc 2d 250, *supra),* that failure to serve a supporting deposition is a different insufficiency than serving a defective supporting deposition. This court holds that insufficiency of a simplified traffic information resulting from a failure to provide a supporting deposition is an amendable defect. Since the Statute of Limitations set forth in CPL 30.10 (4) (b) has not expired, the defendant will not be prejudiced by a refusal to dismiss, as the People could reprosecute in any event. This court will not engage in a procedural subterfuge of issuing a paper dismissal when the actual effect is no dismissal at all. In the absence of a showing of prejudice, which has not been done, this court is not persuaded that the prosecutor should not be permitted to amend the simplified traffic information and proceed.

For the foregoing reasons, the motion to dismiss is granted, unless within 30 days of the date hereof the People serve upon the defendant and file with the court a proper supporting deposition. Should the prosecutor fail to comply, the clerk is directed to dismiss this proceeding upon receipt of an affidavit of counsel to that effect. Upon filing of a supporting deposition with affidavit of service, however, the court directs that this matter be placed upon the Trial Calendar.