OPINION OF THE COURT
Virginia Knaplund, J.
These two speeding charges have been consolidated for this motion to dismiss because they involve the same incident and the same points of law. A short procedural history is in order. Defendants, in two cars, were stopped individually by Officer *684 Eugene E. Day on June 4, 1988, and each was issued a simplified traffic information for exceeding the speed limit on Post Road in Scarsdale. Defendants made a timely request for a supporting deposition. When the depositions were not served within the statutory time limit, the court granted defendants’ written motion to dismiss pursuant to CPL 100.25 and 100.40 (2) on July 27, 1988.
On December 2, 1988, the People filed long form informations based on the same incident. By decision dated March 20, 1989, the court dismissed the long form informations on the ground that a simplified traffic information cannot be superseded by a long form information, citing People v Baron (107 Misc 2d 59 [App Term, 2d Dept]).
On May 26, 1989, the People filed simplified traffic informations Nos. 514476 4 (Gerloff) and 514477 5 (Kaplan), again charging defendants with exceeding the posted speed limit on June 4, 1988. Defendants have moved to dismiss these tickets on two grounds: (1) Officer Day did not sign the simplified traffic informations; and (2) The People are barred from refiling because a dismissal for failing to comply with CPL 100.25 and 100.40 (2) is a dismissal with prejudice.
Officer Day printed his name clearly in the section of the ticket marked "Officer’s last name (print)”. Printing of the officer’s name is specifically authorized by regulation 15 NYCRR 91.11 of the Commissioner of Motor Vehicles, who is charged under CPL 100.25 (1) with prescribing the form of a simplified traffic information: "§ 91.11 Police officer procedure for uniform traffic ticket, (a) When an alleged traffic violator is issued a uniform traffic ticket, the police officer shall sign or print his name on part I of the packet” (15 NYCRR 91.11 [emphasis added]).[1]
Since the regulation does not specify where the officer must sign or print his name, Officer Day’s printing of his name in the box designated for his name satisfies the regulation.
The principal gravamen of defendants’ motion for dismissal is that a dismissal under CPL 100.25 and 100.40 (2) is intended to be with prejudice, barring the People from filing another simplified traffic information dealing with the same traffic infraction. There are lower court decisions holding that such dismissal is without prejudice,[2] but this court is aware of no appellate decisions which are dispositive of this issue.
*685 The Appellate Term, Second Department, holds that a defendant has an absolute right to a supporting deposition if timely requested, and failure to supply a deposition in the time prescribed by statute mandates dismissal. (People v Baron, 107 Mise 2d 59, supra.) [3] The court may not grant an adjournment to cure this defect. (People v De Feo, 77 Misc 2d 523.) The rationale behind this is that CPL 100.40 (2) makes an untimely served simplified traffic information insufficient on its face, and thus the court loses jurisdiction. Without jurisdiction, the court has no power to grant an adjournment.
Practice and procedure in traffic violations are governed by the CPL. Although the speedy trial provisions of CPL 30.30 do not apply to traffic infractions, defendants argue that the 30-day time limit for serving the supporting deposition is analogous to the statutory speedy trial limit. Since the Court of Appeals has held that dismissal under the speedy trial statute is a bar to refiling the same charge,[4] defendants assert that this same bar to refiling should attach when a simplified traffic information has been dismissed under CPL 100.25 and 100.40 (2).
These statutes, and the courts interpreting them, declare clearly and unambiguously that a defendant has an absolute right to a timely served supporting deposition. If the prosecutor is permitted to refile the simplified traffic information in order to meet belatedly the 30-day time obligation of the statute, the court would be permitting the prosecutor to do indirectly what the statute prohibits him from doing directly.
This court cannot assume that a statute which is plain on its fact is meaningless. If the Legislature had wished merely to assert a desirable timetable for service of a supporting deposition, it could simply have provided for adjournment of the trial date to permit late filing of the supporting deposition. This is the procedure used in regard to bills of particular, which, like supporting depositions, amplify the charges or pleadings. The absence of a provision giving the court discretion to adjourn the trial date rather than dismiss the charges *686 outright indicates that the Legislature intended the charge to be dismissed with prejudice, not delayed.
The People argue that the spirit of CPL 100.25 is merely to move things along swiftly. However, if the statute is interpreted to mean, as the People argue, that the People can refile the charge, the opposite has been accomplished. Far from moving a case swiftly, the People’s interpretation would remove the prosecutor’s incentive to obey the statute, since he would know that failure to obey the timetable set forth in the statute would result only in the minor inconvenience to the police and prosecutor of refiling the ticket.[5]
Without expressing any opinion on the guilt or innocence of the defendants, the court is well aware that there are occasions when guilty persons are allowed to go free because “the constable erred”. Although this usually occurs in cases where a constitutional right is being protected, it is also guaranteed by statute in certain specific cases. One of those cases is the speedy trial statute, CPL 30.30, which has been interpreted by the Court of Appeals to bar refiling of the same charge after dismissal. That statute imposes upon the prosecutor the burden of being prepared to try his case within a specified time.
CPL 100.25 and 100.40 (2) do not impose nearly so heavy a burden on the prosecution. The statutes simply require the police officer to inform the defendant in certain cases (i.e., only when requested by defendant in a timely fashion) of what the charges are. The statutory penalty for failure to so advise the defendant within 30 days is dismissal.
This court now holds that the dismissal required by CPL 100.25 and 100.40 (2) bars refiling of the same charge. To hold otherwise would nullify the requirement of dismissal and render the statute meaningless.
Tickets Nos. 514476 4 and 514477 5 are hereby dismissed.

. See also, Rose, New York Vehicle and Traffic Law § 17.3, at 131 (1984).

. See, for example, People v Jeck-Tisch, 133 Misc 2d 1090 (White Plains *685 City Ct); People v Hartmann, 123 Misc 2d 553 (White Plains City Ct); see also, People v Bock, 77 Misc 2d 350 (Broome County Ct).

. The Commentary to CPL 100.25 takes the opposite view. (See, Preiser, 1985 Supp Practice Commentaries, McKinney’s Cons Laws of NY, Book 11 A, CPL 100.25, at 11 [1989 Pocket Part].)

. People v Osgood, 52 NY2d 37 (1980).

. It is interesting to note that the 1985 amendments to CPL 100.25 and 100.40 (2) which set up the 30-day time limit were proposed by the State Police. (Telephone conversation with Peter Preiser, author of Practice Commentaries to the CPL.)