OPINION OF THE COURT
Memorandum.
Judgment of conviction unanimously reversed, upon the law and as a matter of discretion in the interest of justice, information dismissed and fine remitted.
Defendant made a written request for a supporting deposi *418 tian and following a failure by the complainant police officer to serve and file the same, filed a written motion to dismiss on said ground. On the date set for trial, the officer brought the deposition to court, the court asked defense counsel if he wanted to have an adjournment or to proceed. Counsel replied that he was moving for a dismissal based on the law. The court subsequently "granted” the motion but also directed the officer to re-serve the untimely deposition together with a copy of the original traffic ticket bearing an amended trial date. Before the new trial date, defendant again filed a motion to dismiss for failure to supply a timely supporting deposition, and the court reserved decision until after trial. At such time, the motion was denied, and defendant was found guilty of the traffic infraction and fined.
At the outset, we note that the Legislature, by virtue of its enactment of CPL 100.25 (2), entitled defendant, upon his timely request, to a supporting deposition of the complainant officer as a matter of right and mandated that the officer be ordered by the court to serve a copy of such deposition within a specific time period, i.e., 30 days of the court’s receipt of the request or at least five days before trial, whichever was earlier, and to file such deposition with proof of service. The Legislature further provided in CPL 100.40 (2) that a failure by the officer to comply with such order within the aforementioned time period "renders the simplified information insufficient on its face.”
In People v De Feo (77 Misc 2d 523), we held that a failure to provide a supporting deposition in a timely manner renders the simplified traffic information defective as a matter of law and subject to dismissal and that the court below erred in granting a prosecutor’s request for an adjournment of the trial solely for the purpose of providing a supporting deposition. In People v Bachorick (NYLJ, Feb. 7, 1990, at 26, col 5 [App Term, 9th & 10th Judicial Dists]), we reversed a "passing a stopped school bus” conviction, dismissed the simplified traffic information in a situation in which there had been a failure to serve a supporting deposition in a timely manner, and observed that the defendant’s written, pretrial motion to dismiss should have been granted, since the simplified information was insufficient on its face in view of the failure to comply with CPL 100.25 (2) and 100.40 (2).
The lower courts in this department have, however, followed diverse approaches when confronted with factual situations similar to the case at bar. In People v Origlia (138 Misc *419 2d 286), the City Court of Long Beach granted a motion by the defendant to dismiss simplified traffic informations for failure to timely furnish supporting depositions and denied an application by the People to file a supporting deposition or, in the alternative, to file a superseding information.
In People v Hartmann (123 Misc 2d 553), the City Court of White Plains granted a defendant’s motion to dismiss an information charging a traffic infraction without prejudice to the People reprosecuting the same charge using the same uniform traffic ticket and supporting deposition. In People v Jeck-Tisch (133 Misc 2d 1090, 1092, subsequent judgment of conviction affd without opn NYLJ, Aug. 25, 1988, at 21, col 2 [App Term, 9th & 10th Judicial Dists]), the same City Court denied a motion by the defendant to dismiss and stated, "Moreover, an additional specific reason for the result we reach is this: It is to be very carefully noted (once and forever we hope) that any dismissal of a traffic infraction for utter failure to provide a supporting deposition in a timely fashion (let alone supplying an allegedly defective deposition) is never a dismissal on the merits, and the People are always free to recommence prosecution by filing another information (reserve the ticket and a new deposition”. Although, as already indicated, we affirmed the Jeck-Tisch conviction, without opinion, we deem the last quoted statement dicta, inasmuch as the supporting deposition in such case was concededly timely (supra, at 1090) and sufficient.
In People v Spiegelman (142 Misc 2d 617, 622), the Village Court of Kensington (Nassau County) held that a failure to provide a supporting deposition was an amendable defect and granted a motion by the defendant to dismiss "unless within 30 days of the date hereof the People serve upon the defendant and file with the court a proper supporting deposition.”
With all of the aforesaid approaches taken by lower courts in mind, it is our view that we should implement that approach taken in our earlier decisions in De Feo (supra) and Bachorick (supra) as well as that taken by the City Court of Long Beach in Origlia (supra) which was expressly rejected by the court below, and dismiss the subject simplified information. Although the court below paid deference to De Feo by "granting” defendant’s original motion to dismiss the instrument, it essentially rendered meaningless the relief afforded him in CPL 100.25 (2) and 100.40 (2) by directing the complainant officer to re-serve the untimely deposition together with the subject ticket containing a new trial date. The court *420 below could also be said to have essentially granted an adjournment of the matter for the purpose that defendant be provided with a supporting deposition, notwithstanding the language of De Feo that "it would be improper to grant an adjournment for the purpose of preparing a supporting deposition” (People v De Feo, supra, at 524; see also, People v Zagorsky, 73 Misc 2d 420, 425).
In reaching this result, we do not take the position that a dismissal for failure to provide a supporting deposition must, in all cases, constitute a dismissal with prejudice, since absent from such dismissals is the element of an adjudication on the facts as to guilt or innocence (see, Matter of Pastrana v Baker, 55 NY2d 315, 319; People v Key, 45 NY2d 111, 117; People v Bachorick, supra; People v Bock, 77 Misc 2d 350, 352; Preiser, 1985 Supp Practice Commentaries, McKinney’s Cons Laws of NY, Book 11A, CPL 100.25, at 11 [1990 Pocket Part]). Special circumstances might exist which would justify both a subsequent decision by the District Attorney to reprosecute on new pleadings and the denial of an ensuing motion by the defendant to dismiss in the furtherance of justice (see, CPL 170.40; cf., People v Bock, supra). Nevertheless, we do hold that absent special circumstances, a court abuses its discretion where at its own instance, as in the subject case, it resets a traffic matter down for trial and directs a complainant officer who has failed to serve and file a supporting deposition within the time prescribed by the statute to re-serve the same along with a copy of the ticket bearing the new trial date. To hold otherwise would, as already indicated, defeat the very purpose of the statute, disregard the interests of judicial economy and, in many cases, render the defense of traffic matters impracticable. To the extent that the decisions of the lower courts in Hartmann (supra) and Spiegelmdn (supra) are in conflict with this result, they are deemed overruled, and to the extent that there is dicta in Jeck-Tisch (supra) in conflict, it is disapproved.
Lastly, we note that it is unclear in the case at bar whether the District Attorney was ever served with copies of defendant’s applications to dismiss as required (CPL 170.45, 210.45 [1]). However, inasmuch as the District Attorney elected, as in most traffic matters, to refrain from representing the People in this case and inasmuch as there was no objection to, or *421 ruling on, the applications on this ground in the court below, the People are deemed to have waived their right to insist upon conformity with said procedural requirement (see, People v Jennings, 69 NY2d 103,113).
DiPaola, P. J., Stark and Collins, JJ., concur.