OPINION OF THE COURT
Martin I. Kaminsky, J.
This action raises a novel question regarding the 1985 amendment to CPL 100.25 (2). CPL 100.25 (2) provides that a defendant who has been arraigned under a simplified information is entitled to receive, "upon a timely request”, a supporting deposition of the complainant police officer or public *617 servant, containing the "allegations of fact” that allegedly provide "reasonable cause to believe that the defendant committed the offense or offenses charged”. Prior to 1985, the statute directed that the supporting deposition be "served upon him”, i.e., the defendant himself. In 1985, the Legislature added the following phrase after that phrase: ", or if he is represented by an attorney, upon his attorney”. The issue now posed is whether that amendment means that, when the defendant is represented by counsel, the People can serve (a) either the defendant or his attorney or (b) only his attorney. For the reasons specified below, the court holds that, where counsel has appeared for the defendant, the supporting deposition must be served upon that attorney within the time prescribed by the statute, and that timely service upon the defendant himself is insufficient to satisfy the statute.
Defendant Richard Rossi was issued two uniform traffic tickets by Police Officer Joseph Taliuaga of the Old Brookville Police Department: one for speeding in violation of section 1180 (b) of the Vehicle and Traffic Law, and one for driving with an uninspected motor vehicle in violation of section 306 (b) of the Vehicle and Traffic Law. Both tickets were returnable before the Village Justice Court of Muttontown, since the alleged infractions occurred on Route 106 in that village. On January 3, 1991, Edward L. Lieberman, Esq., wrote a letter to the clerk of the court entering his appearance as attorney for the defendant, pleading not guilty on the defendant’s behalf, and further adding: "Also, please accept this letter as my formal demand for a supporting deposition of the arresting officer.” It is the accepted practice and procedure of the court to permit an attorney for a defendant to enter a plea of not guilty and to request a supporting deposition by mail in letter form. (See, e.g., People v Thumser, 148 Misc 2d 472, 473 [App Term, 2d Dept] ["a letter request directed to the clerk of the court is sufficient to trigger the requirements of CPL 100.25”].)
A supporting deposition was prepared by Officer Taliuaga, and was duly signed by him, under oath, on January 15, 1991. An employee of the Police Department thereupon mailed the supporting deposition to the defendant himself at his home in Oyster Bay, New York, on January 22, 1991, i.e., within 30 days of the request for the deposition. She also sent a copy to the clerk of the court, who received the supporting deposition shortly before February 8, 1991. The clerk thereupon sent a copy of the supporting deposition to Mr. Lieberman (as attorney for the defendant), who received it on or shortly after *618 February 8, 1991, i.e., more than 30 days after the request. Thus, the supporting deposition was delivered to the defendant within the 30-day period required by CPL 100.25 (2), but not to his attorney until after the 30-day period had elapsed. The question presented here is whether that service upon the defendant was sufficient to satisfy the statute, or whether, since the defendant was represented by an attorney, service had to be made upon the attorney. If service could be made upon the defendant or his attorney, timely service has been made. If service must be made upon the attorney, where an attorney has appeared for the defendant, there has not been timely service.
A traffic action can be commenced by a simplified information; and that instrument is jurisdictionally sufficient to enable prosecution of the action, provided that it is issued in the form required by the statute and by an officer authorized to do so under the statute. (CPL 1.20 [5]; 100.10 [2]; see also, People v Shapiro, 61 NY2d 880.) However, since a simplified information does not provide any evidentiary facts with respect to the charge, it does not establish reasonable cause for the charge against the defendant. (See, e.g., People v Abajian, 142 Misc 2d 250, 256; cf., People v Spiegelman, 142 Misc 2d 617, 621.) Accordingly, the Legislature has given the defendant an absolute right to obtain a deposition from the arresting officer, setting forth sufficient facts to establish a reasonable cause for the charge, although not necessarily a prima facie case sufficient to go to trial. (People v Hohmeyer, 70 NY2d 41, 43 [supporting deposition must state sufficient facts to establish reasonable cause, but need not state officer’s "observations and conclusions”]; People v Origlia, 138 Misc 2d 286, 288; see also, Preiser, Practice Commentaries, McKinney’s Cons Laws of NY, Book 11 A, CPL 100.25, at 244.)
If demanded in accordance with the statute, the defendant must be provided with the supporting deposition within 30 days of the demand, or else the charges against him must be dismissed. (People v Nuccio, 78 NY2d 102, 104; People v Thumser, supra, 148 Misc 2d, at 474; People v Aucello, 146 Misc 2d 417, 418 [App Term, 2d Dept]; see also, CPL 100.40 [2] [failure to serve supporting deposition as required by CPL 100.25 renders "the simplified information insufficient on its face”]; but cf., People v Schuttinger, 143 Misc 2d 1032, 1034-1035.) The defendant must make a timely request for the deposition, either (1) at the arraignment or (2) within 30 days of (a) entry of his plea of not guilty or (b) written notice that *619 he is entitled to receive a supporting deposition. (CPL 100.25 [2].) If the defendant does not make a timely request, his right to receive the supporting deposition is deemed waived. (People v Clark, 142 Misc 2d 544; People v Kay, 86 Misc 2d 796; cf., People v Di Gioia, 98 Misc 2d 359 [where defendant pleaded not guilty by mail, his time to request a deposition did not commence until he had been duly notified of his right to a deposition].) The proper party to be served with the request for a supporting deposition is the clerk of the court, not the prosecuting attorney. (People v Branchinelli, 146 Misc 2d 73; cf., People v Schlosser, 129 Misc 2d 690 [copy should be served upon both clerk and prosecuting attorney].) At bar, there is no dispute that the defendant made timely request for a supporting deposition, to the proper official and in a permissible manner. Moreover, since the charges here involve only traffic infractions, the 30-day period undeniably began to run when the defendant requested the supporting deposition in his attorney’s letter to the clerk.[1]
The failure to serve a supporting deposition within the statutory 30-day period renders the accusatory instrument jurisdictionally defective, and mandates a dismissal of the action. (People v Redding, 109 Misc 2d 487; People v Ilardo, 103 Misc 2d 454; cf., People v Sokoloff, 144 Misc 2d 68 [permitting amendment of insufficient supporting deposition]; People v Pacifico, 105 Misc 2d 396 [same].) The court may not grant an adjournment to allow the People to furnish a supporting deposition after the 30-day deadline. Rather the statute sets an absolute time, which may not be altered. (People v DeFeo, 77 Misc 523, 524 [App Term, 2d Dept]; People v Gerloff, 145 Misc 2d 683, 685; People v Hartmann, 123 Misc 2d 553, 554; People v Zagorsky, 73 Misc 2d 420; but cf., People v Chess, 149 Misc 2d 430, 433 [permitting late service so long as it was within 30 days of next court session].)[2] Thus, the Appellate *620 Term has held that a court abuses its discretion where it grants an adjournment to enable "a complainant officer who has failed to serve and file a supporting deposition within the time prescribed by the statute” to cure that defect, reasoning: "To hold otherwise would * * * defeat the very purpose of the statute, disregard the interests of judicial economy and, in many cases, render the defense of traffic matters impracticable.” (People v Aucello, supra, 146 Misc 2d, at 420.) In doing so, the Appellate Term expressly overruled those portions of Hartmann (123 Misc 2d 553, supra) and Spiegelman (supra, 142 Misc 2d, at 622), which held otherwise.* *[3] However, the Court of Appeals has recently made clear that a dismissal for failure to serve a supporting deposition is not a dismissal on the merits and with prejudice; rather, the People may recommence the action (without leave of court) by simply filing a new information and beginning the proceeding anew. (People v Nuccio, supra, 78 NY2d, at 104-105; cf., e.g., People v Aucello, supra, 146 Misc 2d, at 420 [previously ruling that re-prosecutian may sometimes be barred].)
Once the defendant seeks counsel, especially where he appears by counsel, all further contact with the defendant, either by the court, the police or the prosecuting attorney, should be through that attorney. (Miranda v Arizona, 384 US 436.) Contact should not be made directly with the defendant himself, unless he and his counsel consent to such contact. A failure to respect and adhere to this requirement will result in suppression of the evidence obtained as a result of that failure. (See, e.g., People v Schreiner, 77 NY2d 733; People v Skinner, 52 NY2d 24 [involving noncustodial interrogation of defendant without counsel present]; People v Woodard, 64 AD2d 517 [involving custodial interrogation of defendant without counsel present]; cf., e.g., People v Rowell, 59 NY2d 727, 729.) While this case does not involve interrogation outside of the presence of counsel, or evidence obtained as a result of *621 such conduct, the rationale and constitutional underpinning for that rule are analogous to, and persuasive in, the situation at bar. The mailing of the supporting deposition directly to the defendant was, undoubtedly, a well-motivated act by the Police Department, and does not appear to have compromised the defendant’s rights in the proceeding. Nevertheless, it was not the proper mode of communication with the defendant once defendant’s counsel had entered an appearance on his behalf. The court is reluctant to hold that the People satisfied their obligations under CPL 100.25 (2) by transmitting the supporting deposition in that improper manner, and hence will treat the mailing of the deposition to the defendant as a nullity. (People v Defore, 242 NY 13, 21, cert denied 270 US 657 [Cardozo, J.] ["The criminal is to go free because the constable has blundered”].)[4]
The court further holds that CPL 100.25 required that service of the supporting deposition upon defendant’s attorney as a matter of statutory interpretation, and that service on the defendant himself did not comply with the statute. The language of CPL 100.25 (2) is unclear, on its face, as to who is the proper or permissible recipient of the supporting deposition after defense counsel has entered an appearance. The use of the word "or” at the beginning of the phrase added by the *622 1985 amendment could be interpreted as a disjunctive to mean that the deposition can be served upon either the defendant or his attorney. However, since all contact, following the entry of an appearance by an attorney, should be only with the attorney, the court interprets the 1985 amendment to be an effort by the Legislature to assure that the supporting deposition be served upon the attorney and not upon the defendant, where he has entered an appearance with the court. Otherwise, a transmittal might go to the defendant without the attorney’s knowledge, with the possibility that the defendant (not realizing the significance of what he has received) might not turn it over to his attorney. This is particularly so where, as here, the request for the supporting deposition came from the attorney, not the defendant. A defendant who has elected to proceed through counsel, rather than represent himself, should not be required to assess, and may not be capable of properly assessing, the significance and sufficiency of a supporting deposition on his own. Where the defendant has alerted the court to his desire to have the protection and assistance of an attorney, and an attorney has entered an appearance on his behalf, the defendant’s rights are violated if official court papers and communications are thereafter transmitted to the defendant rather than his attorney.
The legislative history of the 1985 amendment to CPL 100.25 (2) supports this conclusion. Although not printed in McKinney’s Session Laws of New York, the legislative history is available from the Cultural Education Center of the New York State Archives in Albany (Bill Jacket, L 1985, ch 225). It contains two items of particular note with respect to the issue at bar. First and foremost, in a letter to Governor Mario M. Cuomo explaining the proposal and urging its approval, the author of the amendment, Paul M. Whitaker, Esq. of Albany, stated with respect to who is the proper recipient of the supporting deposition: "[WJhile most courts direct service of the deposition on appearing counsel rather than the defendant individually, some courts and police officers follow the literal language of the statute, which requires service on the defendant, creating delay and confusion when the defendant is already represented by an attorney. The bill would clarify that the appearing attorney, rather than the defendant personally, is to be served with the deposition.” (June 7, 1985 letter, at 4). By contrast, Jeffrey Chamberlain, Esq., Counsel to the New York State Police, urged disapproval of the amend *623 ment in a memorandum to Governor Cuomo’s Counsel, stating: "[A] police officer would seldom know whether a defendant charged with a traffic infraction is represented by an attorney on that charge, at the time a supporting deposition was required. Nor would it make sense that an investigation be conducted in each case to determine if the defendant is represented and if so, by whom. Mailing the deposition to the defendant should be sufficient.” (June 5, 1985 mem, at l.)[5] The court finds that the explicit statement of the bill’s draftsman and the Legislature’s and Governor’s rejection of the position advocated by the New York State Police constitute powerful evidence that (a) the intent of the 1985 amendment was to require that, where the defendant is represented by counsel, the supporting deposition must be served within the statutory period upon that counsel, and (b) timely service upon only the defendant himself in that circumstance is insufficient to satisfy the statute.
The court is sympathetic to the practical difficulties outlined by the State Police’s Counsel; however, the defendant’s right to counsel must take precedence over those matters. Moreover, where the defendant’s counsel has entered a formal appearance with the court, it should not be too burdensome for the clerk to advise the complainant officer or public official of the identity and address of the defendant’s counsel. This is especially so, since, in practice, it is the court and/or its clerk to whom the request for the supporting deposition is directed and who then forwards the request to the deponent. Indeed, CPL 100.25 (2) expressly directs it is the court who arranges for the supporting deposition to be provided; thus, the statute that "the Court must order the complainant officer or public servant to serve a copy of such supporting deposition” (emphasis added).
In this regard, the court interprets the phrase "if he [the defendant] is represented by an attorney” to mean that an attorney has entered a formal appearance with the clerk before or at the time of the request for the supporting deposition. Absent such a formal appearance, the supporting deposition should be served upon the defendant himself. To hold *624 otherwise would place an undue burden on the court and the clerk, and would be an invitation to confusion, and also possibly to undue strategic maneuvering to attempt to induce the clerk to serve the wrong person. If counsel enters an appearance after the request for the deposition, the clerk or the prosecuting attorney may wish to provide that counsel with a copy of the supporting deposition as a courtesy (and the court encourages them to do so); but that will not be necessary to satisfy the statute.[6] In that instance, timely service upon the defendant himself constitutes compliance with this aspect of CPL 100.25 (2).
The court has no doubt that, in the case at hand, the Police Department and the clerk acted in good faith by delivering copies to both the defendant and his counsel well in advance of the trial; and, of course, the defendant was served within the statutory 30-day period. However, as explained above, the statute, particularly read together with CPL 100.40 (2), addresses the court’s jurisdiction, and prescribes absolute requirements and time limits. Just as the court may not enlarge or adjourn the time limits, it may not ignore or bend the other requirements of the statute. The statute requires strict compliance with its express terms, and it is satisfied only by such strict compliance.
In sum, in light of the statutory language and the policy and intent underlying the statute, the court holds that where a defendant has appeared by an attorney, the supporting deposition called for under CPL 100.25 must be served upon that attorney within the 30-day period prescribed by the statute, failing which the accusatory instrument has been rendered jurisdictionally defective and the action must be dismissed. Timely service upon the defendant himself in that circumstance is insufficient to comply with the statute. Consistent with that holding, the charges against the defendant are hereby dismissed.

. In the case of a traffic infraction, in contrast to a misdemeanor (e.g., certain insurance and aggravated unlicensed operation charges), the defendant may be arraigned by mail, i.e., by pleading not guilty through the mails. (People v Chappie, 147 Misc 2d 944, 950; see also, Vehicle and Traffic Law §§ 1805, 1806.) At bar, the only charges involved are traffic violations, so that the letter sent by defense counsel is deemed to take the place of an arraignment in person, and starts the running of the 30-day period for provision of a supporting deposition. (People v Chappie, supra.)

. This court respectfully disagrees with the holding in People v Chess that the 30-day period does not begin to run until the court orders the police officer to furnish the deposition (see, 149 Misc 2d 430, 432). CPL 100.25 (2) speaks of 30 days after receipt of the request for a supporting deposition, *620 not 30 days after an order. Moreover, such a ruling would create an unwarranted loophole to this remedial statute, and encourage frustration of a timely response to the defendant’s request. (Cf., People v Thumser, 148 Misc 2d 472, 473; People v Branchinelli, 146 Misc 2d 73, 75.)

. However, other dicta in People v Aucello suggests that an adjournment may be permissible in "special circumstances”. That appears to be inconsistent with the holdings that the failure to satisfy the statutory time limit renders the simplified information jurisdictionally defective. (People v Redding, 109 Misc 2d 487; People v Ilardo, 103 Misc 2d 454.) But the court need not decide that here, since the People do not suggest that any special circumstances are presented in this case.

. Although the transmission to defendant here was not by the prosecutor himself, it is also analogous to a direct contact with the defendant by the prosecuting attorney or his agent, which would violate Disciplinary Rule 7-104 (22 NYCRR 1200.35), "Communicating With One Of Adverse Interest”, of the Code of Professional Responsibility. (See, e.g., Niesig v Team I, 76 NY2d 363, 370; Nestlerode v Federal Ins. Co., 66 AD2d 504, appeal denied 48 NY2d 604; Polycast Technology Corp. v Uniroyal, Inc., 129 FRD 621, 625-626 [SD NY]; but cf., Fusco v City of Albany, 134 Misc 2d 98 [permissible for attorney to contact adverse governmental employees to gain access to public records].) In such an instance, the predominant rule is that the product of such a contact (here, the evidence of the Police Department’s mailing to the defendant within the 30-day statutory period) should be disregarded. (United States v Hammad, 858 F2d 834, 837-838 [2d Cir], cert denied 498 US 871 [suppression of evidence obtained in violation of disciplinary rule]; United States v Thomas, 474 F2d 110, 111 [10th Cir], cert denied 412 US 932 [same]; United States v Lopez, 765 F Supp 1433, 1449 [ND Cal] [same]; but cf., Tabbi v Town of Tonawanda, 111 Misc 2d 641 [no suppression in civil case]; United States v Guerrerio, 675 F Supp 1430, 1433-1435 [SD NY] [no suppression of evidence in criminal case]; see also, Note, Prosecutorial Investigations and DR7-104[A][1] 89 Colum L Rev 940 [1989].) The court does not mean to suggest that the prosecutor at bar acted, in any way, improperly here. The court is satisfied that the prosecutor acted, at all times, in good faith, and that he did not even have knowledge of the error until it had already occurred.

. The potential confusion caused by the apparently disjunctive language of the amendment is illustrated by other material in the legislative history. For example, in a letter to Governor Cuomo, the President of the New York State Defendants Association assumed that the amendment means that service of the supporting deposition can be made "on the defendant or his attorney” (June 10, 1985 letter, at 1 [emphasis in original]).

. As noted above, the defendant is not required to serve his request on the prosecuting attorney. (People v Branchinelli, 146 Misc 2d 73, 75-76.) However, this too is encouraged; and if the defendant does serve the prosecutor, the prosecutor should return the courtesy, where feasible.