OPINION OF THE COURT
Mark D. Zuckerman, J.
Defendant’s motion to dismiss this simplified traffic informa *1022 tian upon the ground that the complainant, a State police officer, failed to serve a supporting deposition presents a recurring problem in the District Court that warrants elaboration.
Defendant is charged by a simplified traffic information (see, CPL 100.25 [1]) on June 14, 1994 in the Town of Brookhaven, County of Suffolk, with a violation of "49 CFR-392.9-unsecured load”. The above statute states, in relevant part, that
"No person shall drive a motor vehicle and a motor carrier shall not require or permit a person to drive a motor vehicle unless * * *
"The vehicle’s cargo is properly distributed and adequately secured as specified in §§ 393.100-393.106 of this subchapter.” (49 CFR 392.9 [a] [1].)
The specified sections are lengthy and detailed in their requirements.
CPL 100.25 (1) provides, in pertinent part, that "[a] simplified information must be substantially in the form prescribed by the commissioner of motor vehicles.” Neither side contends that the simplified information was not prepared by the Commissioner.
Subdivision (2) states, in relevant part, that "[a] defendant arraigned upon a simplified information is, upon a timely request, entitled as a matter of right to * * * a supporting deposition of the complainant police officer or public servant, containing allegations of fact based either upon personal knowledge or upon information and belief, providing reasonable cause to believe that the defendant committed the offense or offenses charged” (emphasis added).
On July 26, 1994, defendant was arraigned and he pleaded not guilty. He also demanded in writing a "supporting deposition pursuant to CPL 100.25 (2)”. The action was adjourned to October 3 and then to October 24, 1994. Defendant then stated that he has not received a supporting deposition from the complainant pursuant to his "timely request” (CPL 100.25 [2]). He now moves to dismiss the information upon the ground that the People have "not complied with (his) demand for Supporting Deposition, and without said supporting deposition I cannot properly defend myself.”
The People counter that the face of the accusatory instrument contains the supporting deposition and that the information consists of sufficient nonhearsay allegations of fact to establish every element of the crime charged (CPL 100.40). *1023 The People read the face of the information, as follows: "on Tuesday, June 14, 1994 at 8:05 a.m. in the Town of Brookhaven, Suffolk County, New York, the defendant operated a 1979 CMC truck, New York Vehicle registration NJ 5134 eastbound on ST 27 east of exit 58 with an unsecured load”.
The People have not furnished any facts culled from the face of the information concerning the many requirements enumerated in 49 CFR 393.100-393.106. Therefore, the face of the information cannot be deemed to contain a supporting deposition.
At the outset, a simplified traffic information can serve "as a basis for commencement of a criminal action for such traffic offenses, alternative to the charging thereof by a regular information, and, under circumstances prescribed in section 100.25, it may serve, either in whole or in part, as a basis for prosecution of such charges”. (CPL 100.10 [2] [a]; see also, CPL 1.20 [5].) However, since it does not furnish reasonable cause to believe the defendant committed the offense charged it cannot serve as the basis for an arrest warrant (Shadwick v City of Tampa, 407 US 345; CPL 120.20 [1]).
The Court of Appeals has stated, in other words, that "[a] simplified traffic information, to be sufficient on its face, need only comply with the requirements of the Commissioner of Motor Vehicles; it need not provide on its face reasonable cause to believe defendant committed the offense charged.” (People v Key, 45 NY2d 111, 115-116.) However, "[i]n view of the sparsity of detail in these 'simplified’ instruments, [CPL 100.25] accords the defendant an absolute right to a [supporting deposition of the police officer complainant].” (Commn Staff Notes, reprinted following NY Cons Law Serv, Book 7A, CPL 100.25, at 35.)
In conclusion, the simplified traffic information must be dismissed upon the ground that without the supporting deposition it does not provide reasonable cause to believe defendant committed the offense charged and as a consequence it is insufficient on its face (People v Aucello, 146 Misc 2d 417).