Paul H. Blaustein, J.
Defendant files this coram nobis motion under CPL 440.10 (subd 1, par [a]), to vacate his plea of guilty on the grounds that the court did not have personal jurisdiction. Defendant pleaded guilty by mail to a charge of speeding, his third violation within 18 months, and therefore, he was not personally arraigned as ordinarily required by CPL *462 170.10 and section 1807 of ,the Vehicle and Traffic Law. His license was then revoked by the Commissioner of Motor Vehicles.
The statute, CPL 170.10, states that defendant "must appear personally at such arraignment”, with the proviso that personal arraignment be waived in those cases exempted by statute. While section 1805 of the Vehicle and Traffic Law, allows waiver in disposing certain traffic offenses by mail, it expressly excludes such waiver for a third or subsequent speeding violation. This section reads: "Except in cities having a population of one million or more the provision of section 170.10 of the criminal procedure law and the provisions of section eighteen hundred seven of this chapter may be waived, to the extent hereinafter indicated, by a defendant charged with a traffic infraction, as deñned in this chapter, other than a third or subsequent speeding violation committed within a period of eighteen months”. (Emphasis added.)
While the statutes, CPL 170.10 and section 1805 of the Vehicle and Traffic Law, are free from ambiguity and recourse to legislative intent unnecessary, their background is of interest. In the Matter of Gross v MacDuff (284 App Div 786) involving a mailed plea of guilty, the court held that personal arraignment may be waived for traffic infractions, and also held that any resulting conviction must be directly attacked, not collaterally.
The court reasoned (p 789): "Although the charge was a traffic infraction, not a crime, the procedural requirements relating to misdemeanors apply. (Vehicle and Traffic Law, § 2, subd. 29.) Nevertheless we think that in the case of a traffic infraction an adult may waive the lack of his physical presence when he was fully advised of all of his rights and the procedure followed was at his request, for his convenience, and in no way prejudiced him.”
The Legislature then adopted section 335 (L 1955, ch 78)[1] of *463 the Code of Criminal Procedure, which contains language very similar to section 1807.
The holding of Gross was only partially codified in section 335 since certain infractions were expressly excluded as subject to waiver. In the memorandum of the Joint Legislative Committee on Traffic Violations (NY Legis Ann, 1955, pp 58-59), the obvious intent of the Legislature appears:
"The problem which often arises in the disposition of traffic. violations outside of cities of finding a justice available to hear the case might be met by using a method which is successfully used in the cities in connection with their traffic bureaus. This is to permit the disposition of minor traffic violations by mail. This bill permits such disposition with respect to traffic infractions as defined in the Vehicle and Traffic Law, but excludes from its provisions violations for a second and subsequent speeding violation committed within a period of eighteen months, or a second or subsequent violation for passing a stopped school bus. Personal appearance is waived, and the defendant may submit a verified application for adjudication of his infraction.
* * *
"Inasmuch as some communities have resorted to the practice permitted by this bill without statutory authority to use it, it seems wise to legalize a practice which is fundamentally sound although now prohibited. The Appellate Division, Third Department, in Matter of Gross, 284 A. D. 786, commented on the practice with a not unfavorable attitude. This decision, while not having the force of statutory law, nevertheless recognized a general public desire for such a change in the present law.”
Consistent with the statute, the following notice appears on the back of part I of the Uniform Traffic Ticket; "This form may not be used for misdemeanors or for a third or subsequent speeding violation in an 18 month period.” (15 NYCRR 91.7 [a] [5] [ii].)
When the question was again presented in an article 78 proceeding brought to challenge the commissioner’s order of revocation, Matter of Hickey v Kelly (9 AD2d 386, affd 8 NY2d 715) the court reiterated that a collateral attack upon the judgment of conviction may not be entertained. The court left open the issue as to whether coram nobis relief would be *464 granted upon a direct attack to the conviction because of lack of personal arraignment.[2]
This court cannot agree that Gross is to be interpreted now as an authority for waiving personal arraignment in disposing by mail of a third speeding infraction. The language of the statute excludes the third speeding offense from the disposition by mail procedure, and that governs. At a time when the public asks for clear uncomplicated language in laws and agreements, it is reasonable to find that this statute and the traffic ticket notice mean simply what they say. A defendant charged with a third speeding offense within an 18-month period must personally appear for arraignment and cannot waive such appearance by mail. The motion is granted and the conviction and the plea of guilty are vacated.
Defendant is ordered to appear in court for arraignment as directed by the clerk.

. Section 335 reads:
"1. A plea of guilty can only be put in by the defendant himself in open court * * * except as otherwise provided by law in relation to violations of traffic laws, ordinances, rules and regulations.
"2. Except in cities having a population of one million or more, and except in any county adjoining such a city and having not more than three towns, the foregoing provisions of this section * * * may be waived, to the extent hereinafter indicated, by a defendant charged with a traffic infraction, as deñned in the vehicle and traffic law, other than a second or subsequent speeding violation committed within a period of eighteen months”. (Emphasis added.)

. The cases cited by the People have been considered, but they do not relate to whether personal arraignment may be waived.