OPINION OF THE COURT
James W. McCarthy, J.
The matter pending before the court is that of two uniform *945 traffic tickets or simplified traffic informations filed against the defendant Timothy Chappie for allegations of speeding 43 in a 30 in the City of Oswego October 21, 1989 in violation of section 1180 (d) of the Vehicle and Traffic Law and a violation of section 511 (2) (a) of the Vehicle and Traffic Law, aggravated unlicensed operation, second degree, an unclassified misdemeanor on the same date, time and place. The defendant was charged on October 21, 1989 with those two offenses and the uniform traffic tickets provided that he was to appear in City Court of Oswego on October 26, 1989 at 9:30 a.m. The defendant mailed back in the reverse of both tickets and the part one of said tickets and pleaded not guilty to both on part b of said tickets. On the part b of the aggravated unlicensed operation second misdemeanor ticket the defendant checked the box entitled wherein he stated that he wanted a supporting deposition on the ticket for the speeding in zone and the part b where he pleaded not guilty the defendant did not check the box that he wanted a supporting deposition. The defendant did not appear on October 26, 1989. The defendant was sent a letter by this court upon receipt of the uniform traffic tickets indicating he pleaded not guilty which was sent to him and paragraph 5 thereof was handwritten "the charge of Aggravated Unlicensed Operator 2nd is a misdemeanor and cannot be processed by mail” and in paragraph 6 thereof indicated that he must appear before this court on November 16, 1989, a Thursday, at 9:30 a.m. and it was also written in there that "you must appear in person”. The defendant did not appear on November 16, 1989 before the court but called the court and requested the matter be further adjourned to November 30, 1989 for appearance and arraignment. The defendant did appear on November 30, 1989 and the minutes of said appearance are transcribed and attached hereto as exhibit B (the uniform traffic tickets being exhibits Al and A2) the defendant indicated when he appeared in front of the court upon the court’s inquiry and arraignment on page 2 thereof lines 17 and 18 "You are entitled to supporting depositions” the defendant at the arraignment on November 30 did not affirmatively state that he wanted a supporting deposition after having been inquired of by the court. Defendant did continue his plea of not guilty to both charges as previously mailed in. Mr. Dennis Hawthorne, Jr., attorney-at-law, was assigned by the court to represent the defendant as he at that time came within the guidelines of the Assigned Counsel Plan to be entitled to a court-appointed attorney. Mr. *946 Hawthorne was sent a letter November 30, 1989 indicating the further adjourned date when he was to appear with Mr. Chappie, the defendant, was December 19, 1989. The matter was further adjourned from December 19 to January 2, 1990. The defendant appeared with Mr. Hawthorne on January 2, 1990, at that time Mr. Hawthorne continued his client’s plea of not guilty. At the appearance of January 2, 1990 no one requested a supporting deposition before the court.
The matter was adjourned to be placed upon a Jury Trial Calendar of January and January 1990 pretrial proceedings were held wherein the defendant’s attorney, Mr. Dennis Hawthorne, Jr., and Mr. Walter Hafner, Assistant District Attorney, discussed the case. Thereafter Mr. Dennis Hawthorne, Jr., attorney for the defendant, filed a motion with this court upon an affidavit of Dennis Hawthorne, Jr. sworn to March 2, 1990 returnable March 13, 1990 before this court wherein among other things he requests that the uniform traffic ticket for the aggravated unlicensed operation, second degree, the unclassified misdemeanor, be dismissed as a supporting deposition was not timely filed at the request of the defendant within the parameters of CPL 100.25 (2). The defendant’s position was that the checking of the box on part b of the uniform traffic ticket for the aggravated unlicensed operation second unclassified misdemeanor indicating the yes box that he did wish a supporting deposition generated the time limits of CPL 100.25 (2) to run upon receipt by the court on October 25, 1989. The District Attorney’s office by filing an affidavit in opposition dated March 9, 1990 they opposed the motion to dismiss and stated that they had already granted discovery. Prior to the return date before the court of March 13, 1990 the court received a call from the defendant Mr. Chappie March 12, 1990 12:20 p.m. indicating that he was discharging Mr. Hawthorne as his attorney and that he had hired Nancy Maruk, Esq. of Weedsport, New York, to be his attorney and requested his case be adjourned to April 3, 1990. The court granted the adjournment and took the motions off the Motion Calendar March 13 as the defendant now had a new attorney who did not affirmatively, at that time, request that the motions be continued. The new defense attorney, Nancy Maruk, telephoned the court and asked on April 16 that a motion date be set for May 1. Between the date of April 16 and May 1 the court did not receive any new motion papers from the attorney for the defendant. The attorney for the defendant appeared with the defendant on May 1, 1990 for *947 argument of the motion. The court inquired of the attorney for the defendant if she was continuing with the motions of Mr. Dennis Hawthorne previously filed with the court and she indicated that was the case. The District Attorney was present by Assistant District Attorney Walter Hafner. The position of the defense attorney continued the position of the previous defense attorney that the checking of the "yes” box of part b of the uniform traffic ticket for the aggravated unlicensed operation upon receipt by the court on October 25, 1990 was sufficient in and of itself to be the request which generated the time limits running under GPL 100.25 (2) and therefore since no supporting deposition was filed that the uniform ticket for aggravated unlicensed operation second must be dismissed. After the argument of May 1, 1990 the court had allowed two weeks for submission of further data and/or memorandum of law regarding the matter. The defense attorney filed an affidavit signed by one Timothy Chappie, the defendant, May 10, 1990 and sworn to and in paragraph 4 thereof indicated that he appeared before the court November 16, 1989 and pleaded not guilty and again asked for a supporting deposition. It was alleged that the limits of GPL 100.25 (2) in which to file a supporting deposition commenced to run by receipt of a court of a simplified traffic information wherein part b of the reverse thereof a box is checked "yes” requesting a supporting deposition on a charge for an unclassified misdemeanor.
DISCUSSION
Although the issue before the court may be simple in nature it appears to be a matter of first impression regarding the particular instance of the time limit running on an unclassified misdemeanor of filing of a supporting deposition as mandated by GPL 100.25 (2) and section 207 of the Vehicle and Traffic Law allows the Commissioner of the Department of Motor Vehicles State of New York to create the forms for a simplified traffic information or uniform traffic ticket. The sections regarding the uniform traffic ticket are further mandated pursuant to the regulations promulgated by the Department of Motor Vehicles Commissioner under 15 NYCRR ch I.
Vehicle and Traffic Law sections allow a plea of guilty by mail. Namely, under section 1805 of the Vehicle and Traffic Law a plea of guilty by a defendant by mail is allowed by sending in part a of the uniform traffic ticket, the reverse of *948 the uniform traffic ticket, and signing the part indicating the defendant’s plea of guilty. Section 1805 of the Vehicle and Traffic Law states in part "Except in cities having a population of one million or more the provisions of section 170.10 of the criminal procedure law and the provisions of section eighteen hundred seven of this chapter may be waived * * * by a defendant charged with a * * * traffic infraction, as defined in this chapter, other than a third or subsequent speeding violation committed within a period of eighteen months”. In other words a defendant charged with a traffic infraction may plead by mail except if he is charged with a traffic infraction wherein it would be the third speeding charge within 18 months. If he is charged with a speeding charge within 18 months he must appear in person (People v Doe, 91 Misc 2d 461).
A traffic infraction is defined under section 155 of the Vehicle and Traffic Law as: "The violation of any provision of this chapter [Vehicle and Traffic Law] * * * which is not declared by this chapter or other law of this state to be a misdemeanor or a felony.” Therefore any violation outlined in the Vehicle and Traffic Law that is defined as a misdemeanor or felony is not by implication a "traffic infraction”. The next operative part of the Vehicle and Traffic Law is section 1806 entitled "Plea of not guilty by defendant charged with a traffic infraction” (emphasis added). "In addition to appearing personally to enter a plea of not guilty * * * to a traffic infraction for violation of any of the provisions of the vehicle and traffic law * * * a defendant may enter a plea of not guilty by mailing to the court of appropriate jurisdiction the ticket making the charge and a signed statement indicating such plea. * * * Upon receipt of such ticket and statement, the court shall advise the violator of the trial date by first class mail” (emphasis added). Section 1806 of the Vehicle and Traffic Law therefore, by incorporating the definition of "traffic infraction” (supra), excludes a plea by mail to a misdemeanor or felony which may be charged on a uniform traffic ticket. The charge of aggravated unlicensed operation in the second degree is an unclassified misdemeanor and therefore a plea of not guilty or guilty cannot be accepted by mail.
DISCUSSION WITH CPL 100.25
Defendant in the case at bar was charged with the unclassi *949 fied misdemeanor of aggravated unlicensed operation, second degree, and maintains that when the court on October 25, 1989 received the part b reverse of the simplified traffic information wherein he checked the box yes requesting a supporting deposition it commenced the time limit under CPL 100.25 (2) to run in which he was to be served or his attorney to be served a supporting deposition. CPL 100.25 (2) states: "A defendant arraigned upon a simplified information is, upon a timely request, entitled as a matter of right to have filed with the court and served upon him, or if he is represented by an attorney, upon his attorney, a supporting deposition of the complainant police officer or public servant, containing allegations of fact, based either upon personal knowledge or upon information and belief, providing reasonable cause to believe that the defendant committed the offense or offenses charged. Such a request must be made before a plea of guilty to the charge specified and before commencement of a trial thereon, but not later than 30 days after (a) entry of the defendant’s plea of not guilty when he has been arraigned in person, or (b) written notice to the defendant of his right to receive a supporting deposition when he has submitted a plea of not guilty by mail. Upon such a request, the court must order the complainant police officer or public servant to serve a copy of such supporting deposition upon the defendant or his attorney, within thirty days of the date such request is received by the court, or at least 5 days before trial, whichever is earlier, and to file such supporting deposition with the court together with proof of service thereof.” (Emphasis added.)
The definition of arraignment under CPL 1.20 (9) is stated as follows: " 'Arraignment’ means the occasion upon which a defendant against whom an accusatory instrument has been filed appears before the court in which the criminal action is pending for the purpose of having, such court acquire and exercise control over his person with respect to such accusatory instrument and of setting the course of further proceedings in the action.” The arraignment upon a simplified traffic information is governed by CPL 170.10 entitled "Arraignment upon * * * simplified traffic information” and states:
"1. Following the filing with a local criminal court of an information, [or] a simplified information * * * the defendant must be arraigned thereon. The defendant must appear personally at such arraignment except under the following circumstances:
"(a) In any case where a simplified information is filed and a *950 procedure is provided by law which is applicable to all offenses charged in such simplified information and, if followed, would dispense with an arraignment or personal appearance of the defendant, nothing contained in this section affects the validity of such procedure or requires such personal appearance”. (Emphasis added.)
Section 170.10 outlines the mandated requirements that the court has to inform the defendant of upon the "arraignment” on the simplified traffic information. More pertinent however is that subdivision (1) of section 170.10 states that the defendant must appear personally at the arraignment keeping in mind that CPL 100.25 (2) speaks upon a request for a supporting deposition when "[a] defendant [is] arraigned upon a simplified information”. Furthermore section 170.10, in subdivision (1) (a) thereof, indicates an exception to the necessity of a formal appearance in person by the defendant only when there is a simplified information filed (which includes a simplified traffic information by definition) and there is a procedure provided by law which is applicable to all offenses charged in such simplified information and, if followed, would dispense with an arraignment or personal appearance by the defendant.
The sections in section 170.10 (1) (a) in the case at bar which are referred to are sections 1805 and 1806 of the Vehicle and Traffic Law which allows pleas of guilty by mail (§ 1805) and pleas of not guilty by mail (§ 1806). In other words the "other procedure provided by law” in this case is that provided by sections 1805 and 1806 of the Vehicle and Traffic Law. These only apply however to "traffic infractions” as defined in section 155 of the Vehicle and Traffic Law. As previously stated herein section 155 of the Vehicle and Traffic Law does not include misdemeanors or felonies filed pursuant to a simplified information. They are not "traffic infractions”, therefore section 170.10 (1) (a) regarding the exception that a personal appearance is not necessary is not applicable to the case at bar in which the defendant is charged with an unclassified misdemeanor of aggravated unlicensed operation, second degree. The defendant, therefore, could only have been "arraigned” by his personal appearance in court. Section 100.25 (2) wherein the time frame is generated of a supporting deposition being filed within 30 days or 5 days before trial whichever is earlier only applies when a defendant is "arraigned” upon a simplified traffic information. Since the defendant could not have been arraigned on the simplified traffic *951 information he sent into the court received October 25 for the aggravated unlicensed operation second, the defendant was not arraigned until November 20, 1989. At the time of the arraignment pursuant to the transcript attached hereto the defendant was informed of his right to a supporting deposition and did not at that time affirmatively request a supporting deposition. The defendant further appeared January 2, 1990 with his counsel and no supporting deposition was requested. Therefore the time limit of section 100.25 (2) has not and did not begin to run, that time limit being when a supporting deposition must be filed. The time limit that this court believes section 100.25 (2) applies is a necessity that the defendant, on part b of his uniform traffic ticket, if he does request a supporting deposition, check the box "yes” within 30 days from receiving "written notice to the defendant of his right to receive a supporting deposition” when he has submitted a plea of not guilty by mail. In other words in the case regarding the aggravated unlicensed operation request for a supporting deposition by checking part b of the uniform traffic ticket the defendant by checking the box entitled "yes” merely preserved his right by sending it in within 30 days from receiving such written notice to request a supporting deposition upon a formal arraignment in court in person upon the unclassified misdemeanor. However the defendant not having affirmatively after been given notice of his right to supporting deposition in person having requested a supporting deposition has not in fact commenced the time limit for a supporting deposition to be filed.
The next question which obviously must appear then is what purpose is the box in part b of a uniform traffic ticket if the defendant checks it to serve, if any, if it does not commence the time limit to run. The court believes that the time limits do apply pursuant to section 1806 of the Vehicle and Traffic Law to commence the running upon receipt of the court of request by the defendant for a supporting deposition on a "traffic infraction”, i.e., a charge which the court upon receipt of the not guilty plea and the request for a supporting deposition can immediately set a trial date. How is the court to know however upon an unclassified misdemeanor without having an arraignment whether the defendant is requesting a jury trial or a nonjury trial. The court would not know these facts until the defendant has been arraigned and has stated on the record whether he is going to exercise his right to a jury trial or not. The court further must inquire whether he *952 knows if he does not request a jury trial on an unclassified misdemeanor what rights he is giving up. The court therefore believes that the time limits under CPL 100.25 (2) that a supporting deposition be filed within 30 days from the request thereof received by the court or 5 days before trial whichever is earlier certainly applies to "traffic infractions” and if a court receives a request pursuant to a timely demand, i.e., within 30 days from getting the traffic ticket that the defendant does want a supporting deposition by checking part b of the uniform traffic ticket and that supporting deposition is not received by the defendant within said 30 days that the court would be correct in dismissing the traffic infraction upon a timely motion. This does not mean to say however that pursuant to the decision rendered herein that this would apply to an unclassified misdemeanor as a person cannot enter a plea to an unclassified misdemeanor pursuant to sections 1805 and 1806 of the Vehicle and Traffic Law by mail. Although the defendant has filed the affidavit with the court that he appeared on November 16 and entered a plea of not guilty and requested a supporting deposition the transcript of the arraignment for November 30 indicates that he did in fact continue his plea of not guilty but did not affirmatively request a supporting deposition. The court’s record indicates that he called and adjourned the matter from November 16 to November 30 and is merely confusing the dates of November 16 with the date when he did appear on November 30.
The purpose of arraignment is to ascertain furthermore a person’s plea to a charge whether it be guilty or not guilty. As previously stated a person can pursuant to sections 1805 and 1806 of the Vehicle and Traffic Law plead guilty or not guilty by mail to a "traffic infraction”, not an unclassified misdemeanor. A plea as defined in CPL 340.20 (2) states as follows:
"A plea to an information * * * must be entered in the following manner:
"(a) Subject to the provisions of paragraph (b), a plea to an information must be entered orally by the defendant in person * * *
"(b) If the only offense or offenses charged are traffic infractions, the procedure provided in sections eighteen hundred five, eighteen hundred six and eighteen hundred seven of the vehicle and traffic law, relating to pleas in such cases, is, when appropriate, applicable and controlling.”
Therefore CPL 340.20 (2) (b) specifically speaks of sections *953 1805, 1806 and 1807 of the Vehicle and Traffic Law allowing a plea to be entered by mail whether it be guilty or not guilty. This of course furthermore only speaks to "traffic infractions” which do not apply to unclassified misdemeanors under the Vehicle and Traffic Law. The operative section therefore in CPL 340.20 entitled "[t]he plea” and more particularly under subdivision (2) (a) thereof states that the plea, which is the purpose of an arraignment, must be entered orally by the defendant in person. This further buttresses the point that the defendant could not enter a plea by mail to the unclassified misdemeanor. Therefore the part b not guilty plea by mail was not effective to enter his plea pursuant to CPL 340.20 and furthermore did not constitute an arraignment pursuant to CPL 170.10 and therefore no request was made by the defendant upon arraignment pursuant to CPL 100.25 (2) for a supporting deposition and in fact the defendant did not on his formal arraignment in court on November 30, 1989 request a supporting deposition when told that he had a right to have one.
The court therefore rules that the motion of the defendant to dismiss the aggravated unlicensed operation, second degree, an unclassified misdemeanor charge under the auspices of CPL 100.25 (2) is denied. The matter is set for the Jury Trial Calendar of August 13, 1990 and will be the first jury ordered thereupon unless further requests for disposition or other alternative relief are made.