*731 OPINION OF THE COURT
Susan I. Kettner, J.
The motion is denied.
Background
In this traffic matter, the defendant is charged with violating Vehicle and Traffic Law § 1174 (a), failure to stop for a school bus, on November 16, 2010. Defendant moved by notice of motion for an order consolidating the trial of the above-referenced traffic matter with that of Marcia Spence (UTT No. PM223P97W9) which were both scheduled for the same date and time. Defendant essentially argued that the charges in both traffic infraction matters arose from the same occurrence of events at the same location at the same time. The People opposed said motion and the court rendered a decision denying the motion for consolidation as untimely, citing CPL 255.20 which limits the filing of any pretrial motions to 45 days from the date of arraignment, unless the court extends the time to file. In addition, the court noted that the tickets were not issued simultaneously but were issued 18 minutes apart.
Defendant now moves for a rehearing or reargument based upon his belief that the court overlooked a principle of law in denying the motion as untimely. Specifically, the defendant now argues that the court was mistaken in equating a mailed-in plea with an in-person arraignment, citing the fact that the statutory definitions of plea and arraignment demonstrate that each support totally different functions. Defendant cites no case law and merely offers the statutory definition of arraignment, as distinguished from the definition of plea, citing CPL 1.20 (9) and (10) respectively. Defendant further argues that he “has not appeared before this court on the accusatory instrument in this matter” and therefore there has been “no statutory arraignment in this matter” (Trachten letter, June 7, 2011, at 2). Because defendant has not appeared, the argument follows that his motion to consolidate the two matters is not untimely because his “CPL 255.20 time” did not begin to run until he personally appeared for judicial arraignment.
Law
Vehicle and Traffic Law § 1806 provides:
“Plea of not guilty by a defendant charged with a traffic infraction
*732 “In addition to appearing personally to enter a plea of not guilty to a violation of any provision of the tax law or the transportation law regulating traffic, or to a traffic infraction for the violation of any of the provisions of the vehicle and traffic law or of any local law, ordinance, order, rule or regulation relating to the operation of motor vehicles or motorcycles, a defendant may enter a plea of not guilty by mailing to the court of appropriate jurisdiction the ticket making the charge and a signed statement indicating such plea. Such plea must be sent: (a) by registered or certified mail, return receipt requested or by first class mail; and (b) within forty-eight hours after receiving such ticket. Upon receipt of such ticket and statement, the court shall advise the violator of an appearance date by first class mail but no warrant of arrest for failure to appear can be issued until the violator is notified of a new court appearance date by registered or certified mail, return receipt requested, and fails to appear.” (Emphasis added.)
CPL 340.20 (2) (b) states in pertinent part:
“A plea to an information, other than one against a corporation, must be entered in the following manner: . . .
“(b) If the only offense or offenses charged are traffic infractions, the procedure provided in sections eighteen hundred five, eighteen hundred six and eighteen hundred seven of the vehicle and traffic law, relating to pleas in such cases, is, when appropriate, applicable and controlling.”
As indicated above, a traffic court arraignment may be accomplished in a number of ways: personal appearance, in-person plea entered by an authorized agent, or as here, it may be accomplished by “mailing it in” by first-class mail, or by registered or certified mail, return receipt requested. For purposes of this discussion, the arraignment does not take place until entry of a plea, which is the purpose of an arraignment, whether in person or by mail. (People v Chappie, 147 Misc 2d 944 [Oswego City Ct 1990].) The Chappie court found that the 30-day period to request a supporting deposition began to run upon in-court arraignment where the charge was an unclassified misdemeanor. In the Chappie case, the court, in explaining that defendant could not avail himself of a mail-in plea because he was charged with a misdemeanor and therefore did not fit into the enumer *733 ated exception under Vehicle and Traffic Law § 1806 for traffic infractions, held that defendant’s earlier mail-in plea did not constitute an arraignment for purposes of commencing the 30-day period to request a supporting deposition. Defendant’s subsequent in-court arraignment did not cure the defect because he did not request a supporting deposition after he was subsequently properly arraigned in court pursuant to statute. The first “arraignment” was treated as a nullity. In explaining why the first request for a supporting deposition did not carry forward to his second arraignment, the court simply held that he had not been properly arraigned on an unclassified misdemeanor. The court did state that had he been charged with a traffic infraction, the 30-day period would have commenced by a mail-in plea of “not guilty.” In the case before this court, defendant chose to “appear” and enter a not guilty plea by certified mail, as authorized by Vehicle and Traffic Law § 1806 and CPL 340.20 (2) (b). As the record reflects that the defendant elected to mail in his “not guilty” plea on November 18, 2010, as indicated by the return receipt, the court finds that he was indeed arraigned on November 22, 2010 for purposes of commencing the running of the statutory time period set forth in CPL 255.20.
Defendant also contends that the court misapprehended the facts by summarily discrediting defendant’s testimony that the two traffic incidents occurred simultaneously. The court notes that there is no dispute that the tickets were issued 18 minutes apart. For purposes of the motion to consolidate, it is not material to the court whether the time differential was mere seconds or 18 minutes, for even if there were substantial temporal and geographic unity, as indicated by defendant’s testimony, the court finds that the interests of justice would be better served by affording both sides the opportunity to present their cases where there may be defense(s) available to one defendant but not the other. The court takes note that there are eyewitnesses common to both cases and the court has indicated that it will accommodate both defendants by scheduling back-to-back trials maximizing judicial economy while fully preserving the rights of the respective parties.
The parties are directed to contact the court after July 18, 2011 when the police officer’s schedule will be available in order to obtain a trial date where both matters can be scheduled back to back.